No. 3--01--0982

                                                                  

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2002

JAMES A. COYNE and ) Appeal from the Circuit Court

RHONDA COYNE, ) of the Tenth Judicial Circuit

Plaintiffs-Respondents- ) Peoria County, Illinois

Appellees, )

)  

v. )

) 

OSF HEALTHCARE SYSTEM d/b/a ) 

ST. FRANCIS MEDICAL CENTER, ) 

PEORIA, )

Defendant. ) No. 01-L-228

                              
)

DR. CLINT ADKINS, )

Respondent in Discovery- )

Petitioner, Appellant, )

and )

DR. B. BAVARIAN, DR. FRANK )

DARRAS, DR. MICHAEL GREEN, )

DR. DARREL GUMM, DR. P. JAMES ) Honorable

OLSSON, and DR. GAVISH PATEL, ) John A. Barra

Respondents in Discovery.) Judge Presiding

                                                                 

PRESIDING JUSTICE LYTTON delivered the opinion of the court: 

                                                                 

Plaintiff, James A. Coyne, filed a complaint in negligence against St. Francis Medical Center (St. Francis).  In the complaint, Dr. Clint Adkins was named a respondent in discovery.  Adkins filed a motion to quash service of summons because he was an out of state resident.  The trial court denied the motion and ordered Adkins to comply with discovery.  Adkins appeals, and we affirm.

Plaintiff filed a complaint alleging negligence in the care provided to him at St. Francis in June 1999.  At the end of his complaint, plaintiff listed several individuals, including Dr. Adkins (respondent), as respondents in discovery pursuant to section 2-402 of the Code of Civil Procedure.  (735 ILCS 5/2-402 (West 1998)).

Respondent was a medical resident at St. Francis when plaintiff was treated there in 1999.  Respondent's residency at St. Francis ended on August 1, 2000, when he moved to Idaho.  He currently works at a hospital in Oregon.

On August 1, 2001, plaintiff served respondent with a summons and a copy of the complaint.  Respondent moved to quash service because the court lacked personal jurisdiction over him.  The trial court determined that it had jurisdiction and denied the motion.

I.

Respondent contends that since a respondent in discovery is not a party to an action (See 
Delestowicz v. Labinsky
, 288 Ill. App. 3d 637, 639, 681 N.E.2d 1008, 1009 (1997)), and since he no longer resides or works in Illinois, he can only be considered a witness in the lawsuit and cannot be required to appear for discovery.

The legislature created the unique right to name an individual as a respondent in discovery by enacting section 2-402 of the Code of Civil Procedure (735 ILCS 5/2-402).  
Bogseth v. Emanuel
, 261 Ill. App. 3d 685, 690, 633 N.E.2d 904, 908 (1994).  "The legislative history of section 2-402 indicates that its purpose [is] to provide plaintiffs in medical malpractice actions with a means of filing suit without naming everyone in sight as a defendant."  
Bogseth
, 261 Ill. App. 3d at 690, 633 N.E.2d at 908.  By enacting section 2-402, the legislature balanced the need to protect physicians from the increasing costs of medical malpractice insurance caused by the filing of frivolous lawsuits with the injured plaintiff's difficulties in determining the surrounding circumstances and involvement of each person.  
Bogseth
, 261 Ill. App. 3d at 690-91, 633 N.E.2d at 908.

An action filed pursuant to section 2-402 is a special statutory action which "creates a procedural right to name a party as a respondent in discovery for the purpose of discovery against whom one may or may not have a cause of action."  
Hugley
 
v. Alcaraz
, 144 Ill. App. 3d 726, 734, 494 N.E.2d 706, 710 (1986).  It provides that "respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants ***."  735 ILCS 5/2-402 (West 1998).  Moreover, the Committee Comments to section 2-402 indicate that procedural rules apply "in the same manner [to] the respondent [as if] a party defendant at the outset."  Ill. Ann. Stat., ch. 110, par. 2-402, Committee Comments, at 342 (Smith-Hurd 1983); 
Anderson v. Intengan
, 191 Ill. App. 3d 1001, 1005, 548 N.E.2d 479, 481 (1989).  

Further, we note that "[p]rocess, by which the court acquires power or jurisdiction over the person, can take the form of a summons [citation] or of a subpoena [citation]."  
Whitley v. Lutheran Hospital
, 73 Ill. App. 3d 763, 766, 392 N.E.2d 729, 732 (1979).  The service of a summons empowers the court to compel discovery from parties to an action, while the service of a subpoena permits the court to compel discovery from nonparty deponents.  
Whitley
, 73 Ill. App. 3d at 766, 392 N.E.2d at 732.  Section 2-402 provides that "[a] copy of the complaint shall be served on each person *** named as a respondent in discovery."  (735 ILCS 5/2-402).  

The power acquired by service of notice of designation as a respondent in discovery permits the circuit court to compel discovery in the same manner as from a defendant.  
Whitley
, 73 Ill. App. 3d at 766, 392 N.E.2d at 732.  The service of process required by section 2-402 is the same as that required for a party, not a witness.  Presumably, if the legislature had intended respondents in discovery to be treated as witnesses, it would have provided for service by subpoena, not summons.  Once a party has been named a respondent in discovery and service of summons has been properly executed upon him, the court acquires 
in personam
 jurisdiction over that party for all purposes.  
Whitley
, 73 Ill. App. 3d at 766, 392 N.E.2d at 732-33.

A respondent in discovery is a hybrid litigant:  not an actual party defendant, but more than simply a witness.  The purpose of section 2-402 is to enable a plaintiff, through liberal discovery procedures, to determine whether the respondent should be made a defendant.  
Hugley
, 144 Ill. App. 3d at 734, 494 N.E.2d at 711. 

Section 2-402 subjects respondents in discovery to the same procedural and discovery rules and safeguards as defendants.  We can find no compelling reason not to treat respondent as the statute directs, that is, to require him "to respond to discovery by the plaintiff in the same manner as are defendants ***."  735 ILCS 5/2-402 (West 1998).  To find otherwise would penalize plaintiff for filing pleadings that the legislature intended to encourage when it enacted section 2-402.  Respondent's argument that he is merely a witness is unpersuasive.  Accordingly, we affirm the trial court's order.  Respondent must comply with discovery.

II.

Respondent also argues that the trial court's assertion of 
in personam
 jurisdiction is unconstitutional and violates section 2-209(c) of the Code of Civil Procedure (long-arm statute).  (735 ILCS 5/2-209(c) (West 2000)).  Respondent's argument, however, is at least partially based on his contention that he is merely a respondent in discovery.  Because we have found that the legislature intended that respondents in discovery have the same status as defendants with respect to discovery, we will apply the long-arm statute to respondents in discovery as if they were named defendants.

Sub-section c of the long-arm statute provides: "A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States."  (735 ILCS 5/2-209(c) (West 2000)).  A court's assertion of personal jurisdiction satisfies the United States Constitution when it comports with "traditional notions of fair play and substantial justice."  
International Shoe Co. v. Washington
, 326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158 (1945).  Due process is satisfied when (1) the nonresident had "minimum contacts" with the state forum such that he had "fair warning" that he might be required to defend there; (2) the action arose out of or related to the defendant's contacts with the forum; and (3) it is reasonable to require the defendant to litigate in the forum state.  
Burger King Corp. v. Rudzewicz
, 471 U.S. 462, 472-78, 85 L. Ed. 2d 528, 540-44, 105 S. Ct. 2174, 2182-85 (1985).  

Here, respondent was a medical resident at St. Francis and resided in Peoria during the time that plaintiff's cause of action arose.  Respondent's designation as a respondent in discovery arose directly from his employment with St. Francis.  These facts establish sufficient minimum contacts required
 to give respondent "fair warning."  Respondent purposefully availed himself of the privilege of conducting his work-related activities in Illinois.  As a result, we find that it is reasonable to compel respondent to comply with discovery in Illinois.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

BRESLIN and SLATER, JJ., concur.