# Illinois Official Reports

## Appellate Court

---

*Westwood Construction Group, Inc. v. IRUS Property, LLC*,
2016 IL App (1st) 142490

---

| | |
|---|---|
| Appellate Court Caption | WESTWOOD CONSTRUCTION GROUP, INC.; MAGENTA INVESTMENT, LLC; and BENJAMIN ADEBAYO, Plaintiffs-Appellants and Cross-Appellees, v. IRUS PROPERTY, LLC, and MICHAEL SACKS, Defendants-Appellees (Continuum Capital Funding, LLC; R&C Financial, Inc.; and Rick Martin, Respondents in Discovery-Appellees and Cross-Appellants). |
| District & No. | First District, Second Division<br>Docket No. 1-14-2490 |
| Filed | September 27, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-L-9287; the Hon. Eileen O'Neill Burke, Judge, presiding. |
| Judgment | Affirmed in part; reversed in part; cause remanded. |
| Counsel on Appeal | Voelker Litigation Group, of Chicago (Daniel J. Voelker, of counsel), for appellants.<br><br>Law Offices of Ian B. Hoffenberg LLC, of Chicago (Ian B. Hoffenberg, of counsel), for appellee Continuum Capital Funding, LLC.<br><br>Schoenberg, Finkel, Newman & Rosenberg, of Chicago (Adam J. Glazer and Richard M. Goldwasser, of counsel), for appellees R&C Financial, Inc., and Rick Martin. |

| Panel | JUSTICE PIERCE delivered the judgment of the court, with opinion. Justice Simon concurred in the judgment and opinion. Presiding Justice Hyman concurred in part and dissented in part, with opinion. |

**OPINION**

¶ 1    In 2013, plaintiffs filed this action against IRUS Property, LLC (IRUS); Michael Sacks; R&C Financial, Inc. (R&C); Rick Martin; and Continuum Capital Funding, LLC (Continuum) in federal court. After plaintiffs' withdrew the alleged federal claims, the federal district court dismissed the case for lack of subject matter jurisdiction. Thereafter, plaintiffs filed this action in the circuit court of Cook County against IRUS, Sacks, R&C, Martin, and Continuum. The circuit court dismissed the complaint against all named defendants without prejudice and permitted plaintiffs leave to replead. In plaintiffs' amended complaint, R&C, Martin, and Continuum were not named as defendants but rather they were designated as respondents in discovery pursuant to section 2-402 of the Code of Civil Procedure (735 ILCS 5/2-402 (West 2012)). R&C, Martin, and Continuum filed motions to dismiss them as respondents in discovery and to impose sanctions on plaintiffs pursuant to Illinois Supreme Court Rule 137 (eff. July 1, 2013). The circuit court granted the motions to dismiss with prejudice and denied the motions for sanctions. Plaintiffs appeal the dismissal with prejudice of R&C, Martin, and Continuum as respondents in discovery from the amended complaint and R&C, Martin, and Continuum cross-appeal the denial of their motions for sanctions. For the following reasons, we affirm in part and reverse in part the judgment of the circuit court and remand for further proceedings.

¶ 2                                BACKGROUND

¶ 3    On May 7, 2013, in the United States District Court for the Northern District of Illinois, plaintiffs, Westwood Construction Group, Inc. (Westwood); Magenta Investment, LLC (Magenta); and Benjamin Adebayo, filed suit for breach of contract and fraud against defendants IRUS, Sacks, R&C, Martin, and Continuum. Facing a motion to dismiss, plaintiffs withdrew five of the six counts pled and filed an amended complaint alleging state law claims only, resulting in a dismissal with prejudice for lack of federal subject matter jurisdiction.

¶ 4    On August 19, 2013, plaintiffs filed this action in the circuit court of Cook County repleading their claims against defendants IRUS, Sacks, Continuum, R&C, and Martin. R&C and Martin moved to dismiss the complaint. Separately, Continuum moved to dismiss the complaint or, alternatively, for judgment on the pleadings based on an affidavit by plaintiff Adebayo that was attached to the complaint. Continuum argued the Adebayo affidavit defeats plaintiffs' claims. The circuit court, *sua sponte*, struck plaintiffs' complaint without prejudice for failure to sufficiently plead the claims. The circuit court allowed plaintiffs to replead with the proviso that "no responsive pleadings will be required until the court reviews plaintiffs' amended pleading and determines a responsive pleading is in order."

¶ 5    On May 20, 2014, plaintiffs filed an amended complaint naming IRUS and Sacks as defendants and designated R&C, Martin, and Continuum as respondents in discovery pursuant

to section 2-402 of the Code of Civil Procedure (Code) (735 ILCS 5/2-402 (West 2012)). Section 2-402 of the Code provides in pertinent part that a "plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action." *Id.*

¶ 6     On June 17, 2014, R&C, Martin, and Continuum filed separate motions to be dismissed as respondents in discovery and for sanctions against plaintiffs' counsel pursuant to Illinois Supreme Court Rule 137 (eff. July 1, 2013). They argued that section 2-402 only provides procedures for a plaintiff to designate a person or entity as a respondent in discovery and later, upon motion, convert the respondent into a defendant and the plain language of section 2-402 does not permit a previously named defendant to be designated as a respondent in discovery in a subsequent amended complaint. They also argued that this designation was done in bad faith and Rule 137 sanctions should be imposed on plaintiffs.

¶ 7     In a written order, the circuit court dismissed Continuum, R&C, and Martin as respondents in discovery with prejudice and denied their motions for sanctions. The court found section 2-402 does not allow a plaintiff to designate a person or entity as a respondent in discovery after having previously named them as a defendant in a prior complaint. The court stated that section 2-402 permits a respondent in discovery to later become a defendant and is silent on any other mechanism for redesignation; therefore, "[p]laintiffs contravene the purpose and thrust of the rule" by attempting to designate the previously dismissed defendants as respondents in discovery. Later, the court entered an order finding that R&C, Martin, and Continuum "are dismissed with prejudice and there is no just reason for delaying enforcement or appeal." Plaintiffs timely filed this appeal from the circuit court's dismissal order, and R&C, Martin, and Continuum timely filed a cross-appeal from the order denying their motions for sanctions.

¶ 8                                    ANALYSIS
¶ 9                              *Westwood's Appeal*
¶ 10    First, plaintiffs argue the trial court erred in dismissing R&C, Martin, and Continuum as respondents in discovery on the basis that section 2-402 of the Code (735 ILCS 5/2-402 (West 2012)) did not permit plaintiffs to designate a formerly named defendant as a respondent in discovery in a subsequent amended pleading. Because this issue involves the interpretation of a statute our review is *de novo. Bettis v. Marsaglia*, 2014 IL 117050, ¶ 12.

¶ 11    The Code provides that "[t]he party commencing the action shall be called the plaintiff. The adverse party shall be called the defendant." 735 ILCS 5/2-401(a) (West 2012). A party must state in the body of its pleading the name of all parties for and against whom relief is sought. 735 ILCS 5/2-401(c) (West 2012). The Code recognizes a third category: "individuals or other entities, other than named defendants" that may be designated by the plaintiff as respondents in discovery where the plaintiff believes they "have information essential to the determination of who should properly be named as additional defendants in the action." 735 ILCS 5/2-402 (West 2012). Section 2-402 of the Code provides in pertinent part that:

> "The plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action.

Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.

A person or entity named a respondent in discovery may upon his or her own motion be made a defendant in the action, in which case the provisions of this Section are no longer applicable to that person.

\*\*\*

A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period." *Id.*

¶ 12    The primary goal in construing the language of a statute is to ascertain and give effect to its legislative intent. *Blum v. Koster*, 235 Ill. 2d 21, 44 (2009). The plain language of a statute is the most reliable indication of legislative intent. *DeLuna v. Burciaga*, 223 Ill. 2d 49, 59 (2006). "[W]hen the language of the statute is clear, it must be applied as written without resort to aids or tools of interpretation." *Id.* at 59. We will not rewrite a statute or engraft a requirement into a statute under the guise of statutory constructions. *Long v. Mathew*, 336 Ill. App. 3d 595, 604 (2003).

¶ 13    Although applicable to all civil actions, section 2-402 was enacted to " 'provide plaintiffs in medical malpractice actions with a means of filing suit without naming everyone in sight as a defendant' " by permitting a plaintiff to obtain discovery against a person or entity against whom he may have a claim. *Coyne v. OSF Healthcare System*, 332 Ill. App. 3d 717, 718 (2002) (quoting *Bogseth v. Emanuel*, 261 Ill. App. 3d 685, 690 (1994)); *Robinson v. Johnson*, 346 Ill. App. 3d 895, 901 (2003). Section 2-402 "allows plaintiffs to name as respondents in discovery those persons or entities whose culpability \*\*\* cannot be determined at the time the complaint is filed" and is "an innovative reform to help avoid the stigma, costs, and burdens thrust upon individuals being named defendants to litigation unnecessarily." *Bogseth v. Emanuel*, 166 Ill. 2d 507, 515-17 (1995). "[B]eing labeled as a defendant has \*\*\* been recognized as a burden" (*Lewis v. Dillon*, 352 Ill. App. 3d 512, 520 (2004)), and this section ensures that litigation does not become overly burdensome to potential defendants, while also allowing plaintiffs to obtain relevant information from those who possess it in order to determine whether a claim can be stated against potential defendants (*Moscardini v. Neurosurg, S.C.*, 269 Ill. App. 3d 329, 335 (1994); *Robinson*, 346 Ill. App. 3d at 902).

¶ 14    Section 2-402 permits a plaintiff to designate a respondent in discovery to determine what role, if any, the respondent in discovery played in the cause of action asserted, for the purpose of later naming the respondent as a defendant if warranted by the discovery ascertained. *Williams v. Medenica*, 275 Ill. App. 3d 269, 271-72 (1995); *Coyne*, 332 Ill. App. 3d at 718 (citing *Bogseth*, 261 Ill. App. 3d at 690); *Robinson*, 346 Ill. App. 3d at 901. The purpose of section 2-402 is to provide a plaintiff with the procedural mechanism to collect discovery against a party against whom he may have a claim in order to determine if the respondent should be added as a defendant. See *Williams*, 275 Ill. App. 3d at 271-72; *Coyne*, 332 Ill. App. 3d at 718 (quoting *Bogseth*, 261 Ill. App. 3d at 690); *Robinson*, 346 Ill. App. 3d at 901.

¶ 15    Once a respondent in discovery has been named and service of process has been effectuated, the trial court acquires *in personam* jurisdiction over the respondent for all

purposes. *Rathje v. Horlbeck Capital Management, LLC*, 2014 IL App (2d) 140682, ¶ 31. A respondent in discovery "is required to respond to the plaintiff's discovery in the same manner as are defendants," and "[i]f the evidence discloses probable cause to add a respondent in discovery as a party defendant, the plaintiff may do so within six months from the time the respondent in discovery was named." *Id.* This 6-month period can be extended, one time, up to 90 days, for good cause. 735 ILCS 5/2-402 (West 2012). A plaintiff must seek leave of court to add a respondent in discovery as a defendant. *Medjesky v. Cole*, 276 Ill. App. 3d 1061, 1064 (1995). A respondent in discovery can only be named as a defendant in the action on the plaintiff's motion if (1) "the motion is made within the six-month period after the party was named a respondent in discovery, and (2) if the evidence discloses the existence of probable cause for such action." (Internal quotation marks omitted.) *Williams*, 275 Ill. App. 3d at 272.

¶ 16        Plaintiffs argue that nothing in section 2-402 prohibits a plaintiff from filing an amended pleading, with leave of court, which designates a previously dismissed defendant as a respondent in discovery. R&C, Martin, and Continuum argue that section 2-402 was intended to deter frivolous actions by allowing plaintiffs to discover information before naming an individual or entity as a defendant, and section 2-402 should not be used as a "fishing expedition" against a former defendant who was dismissed from an earlier complaint after failing to plead a viable claim. Respondents in discovery contend that plaintiffs are using section 2-402 in bad faith to avoid Illinois pleading requirements.

¶ 17        We find that a plain reading of section 2-402 and a review of the relevant case law makes clear that section 2-402 may be employed against a former defendant, dismissed without prejudice, as a respondent in discovery. Section 2-402 contains no limitation as to when or in what sequence a plaintiff may designate a person or entity as a respondent in discovery. The only limitation is that the designated persons or entities be "believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the case." 735 ILCS 5/2-402 (West 2012). If the legislature intended to restrict a plaintiff in the designation of a respondent in discovery to the initial filing, for example, it would have done so. See *Long v. Mathew*, 336 Ill. App. 3d 595, 604 (2003) (court would not rewrite section 2-402 under guise of statutory construction to require discovery before moving to convert where the legislature did not engraft the requirement into section 2-402). Given the court's inherent authority to control the course of litigation (*J.S.A. v. M.H.*, 224 Ill. 2d 182, 195-96 (2007)) and the requirement under section 2-616(a) of the Code (735 ILCS 5/2-616(a) (West 2012)) that subsequent pleadings must be with leave of court (*In re Estate of Zander*, 242 Ill. App. 3d 774, 776 (1993)), we see no merit to the argument that section 2-402 prevents the designation of a former defendant as a respondent in discovery in an amended pleading.

¶ 18        In this case, the trial court *sua sponte* dismissed plaintiffs' verified complaint pursuant to section 2-612 of the Code (735 ILCS 5/2-612 (West 2012)) because it was "insufficient in substance or form." The trial court permitted plaintiffs to replead with the limitation that the court would review the amended pleading and determine its sufficiency before requiring a responsive pleading. Plaintiff's filed an amended complaint designating R&C, Martin, and Continuum as respondents in discovery and not as party defendants. When asked to explain, plaintiffs asserted that they needed additional information and time to determine whether they have claims against R&C, Martin, and Continuum. While this explanation may be relevant to whether the respondents should have been initially named as defendants, it is of no import in determining whether section 2-402 was properly employed. In the absence of a prior dismissal

with prejudice, neither this explanation nor any provision in section 2-402 precludes this clearly unconventional pleading sequence.

¶ 19 Respondents' contention that the procedure used by plaintiffs in this case smacks of bad faith is premature. On remand, both plaintiff and respondents will be required to comply with the provisions of section 2-402 and, at the conclusion of the statutory period provided for, should respondents persist in their belief that plaintiffs have not complied with statutory or ethical pleading requirements, they are not foreclosed from requesting appropriate relief in the circuit court.

¶ 20 This result meets our obligation to resolve the issue presented on appeal without brooding over dramatic hypotheticals. Our dissenting colleague's florid condemnation of the tactical decision made by plaintiffs is not supported by a single case for precedent. The proclamation that the "section contemplates a linear process" ignores a plain reading of the statute that clearly shows that section 2-402 does not prohibit any form of non-linear application. The dissent leans on a slender reed when it volubly suggests our analysis encourages "wiliness in litigation." The intimation that plaintiffs here were in some way deceitful in designating *former defendants* as *current respondents in discovery* does violence to much more than the section itself: it implies resourceful attorneys were acting in violation of the rules. We reject the implication.

¶ 21 We remand to the circuit court to reinstate R&C, Martin, and Continuum as respondents in discovery as designated in the amended complaint. Typically, the six-month period in which a plaintiff may move to convert a respondent in discovery to a defendant begins to run on the day the person or entity is first named a respondent in discovery (*Knapp v. Bulun*, 392 Ill. App. 3d 1018, 1024 (2009)), and an extension can be granted "only once for up to 90 days" (735 ILCS 5/2-402 (West 2012)). Because we reverse the circuit court's dismissal of R&C, Martin, and Continuum as respondents in discovery, the statutory six-month period (and statutory extensions, if any) to convert the respondents in discovery to defendants shall start upon issuance of the mandate.

¶ 22 We reverse the trial court's dismissal of R&C, Martin, and Continuum as respondents in discovery and remand for further proceedings.

¶ 23 *Cross-Appeal*

¶ 24 On cross-appeal, R&C, Martin, and Continuum argue the circuit court erred in denying their motions for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. July 1, 2013). Because we have found that the plaintiffs were not precluded from naming R&C, Martin, and Continuum as respondents in discovery in the amended complaint the imposition of sanctions on this basis alone would not be warranted and, therefore, we find it unnecessary to address the arguments raised in the cross-appeal and affirm the denial of sanctions.

¶ 25 As discussed above, plaintiffs were permitted to designate R&C, Martin, and Continuum as respondents in discovery in the first amended complaint. The motion for sanctions was properly denied because it did not constitute an abuse of section 2-402. Whether frivolous pleadings have been filed may be an open question. At the expiration of the conversion period provided in section 2-402, if warranted, plaintiffs may file a motion to convert the respondents in discovery to defendants with the burden to establish that the "evidence [ascertained through discovery] discloses the existence of probable cause for such action." (Internal quotation marks omitted.) *Williams*, 275 Ill. App. 3d at 272. If warranted, respondents are not precluded,

at that point, from renewing their Rule 137 motion for sanctions.

¶ 26                                    CONCLUSION

¶ 27        For the foregoing reasons, the circuit court's dismissal of R&C, Martin, and Continuum as respondents in discovery is reversed; the denial of Rule 137 sanctions is affirmed without prejudice to refile at the conclusion of the section 2-402 proceedings; this case is remanded for further proceedings.

¶ 28        Affirmed in part; reversed in part; cause remanded.

¶ 29        PRESIDING JUSTICE HYMAN, concurring in part and dissenting in part.

¶ 30        I believe that the majority's interpretation of section 2-402 does violence to its language, thwarts legislative intent, and enables the plaintiffs here—and future plaintiffs—to use the "respondent-in-discovery" process in a way that would be highly injurious to civil litigation.

¶ 31        The majority properly notes that our primary goal is to give effect to legislative intent, and the most reliable and revealing way to determine that intent is through the statute's plain language. *In re A.A.*, 2015 IL 118605, ¶ 21; *People v. Williams*, 2015 IL App (1st) 133582, ¶ 13. Several provisions within section 2-402 expose the plaintiffs' disregard of the plain text of section 2-402.

¶ 32        First, the section provides that the plaintiff may name as respondents-in-discovery individuals or entities "*other* than the named defendants." (Emphasis added.) 735 ILCS 5/2-402 (West 2012). This indicates that the legislature envisioned respondents-in-discovery as a wholly separate group from the defendants named in the action. See *People v. Williams*, 2015 IL App (1st) 133582, ¶ 13 (courts interpreting statutes should give undefined statutory words their natural and ordinary meaning).

¶ 33        But the very individual and entities plaintiffs had named as parties in the previous version of the complaint were named respondents-in-discovery. Plaintiffs must have believed, at the time of filing the initial complaint, that those individuals and entities were proper defendants—to do otherwise would have violated the reasonable inquiry requirement imposed by Rule 137.

¶ 34        The majority believes that the dismissal of the complaint accords the plaintiff the right in a subsequent amended complaint to drop a defendant as a party and proceed instead against that former defendant as a nonparty respondent-in-discovery. The mere dismissal of a complaint, however, does not wipe the slate clean; plaintiffs cannot start over and pretend that R&C, Martin, and Continuum are brand-new participants in the lawsuit with no previous connection to the cause of action. Once R&C, Martin, and Continuum were named as defendants, section 2-402 does not set out an alternative route for the plaintiffs to identify the existence of a valid claim for relief against them. See *Bogseth v. Emanuel*, 261 Ill. App. 3d 685, 694 (1994) (purpose of statute "is not to provide parties with a means of engaging in 'fishing expeditions' in search of someone to sue or a theory on which to base a claim"). This is precisely what the majority's interpretation allows.

¶ 35        A statute should be construed, if possible, so that no part of it is rendered meaningless or superfluous and each provision harmonizes with others. See *In re Application of the County Treasurer & ex officio County Collector*, 2015 IL App (1st) 133693, ¶ 43. The majority

- 7 -

contends a named defendant can evolve into a respondent-in-discovery in a later complaint because section 2-402 does not expressly prohibit the plaintiff from doing so. But, that ignores "other than the named defendants." This phrase imposes an explicit limitation on plaintiffs, and courts of review should give statutory language the fullest, rather than the narrowest, possible meaning to which it is susceptible. *People v. Torres*, 2015 IL App (1st) 120807, ¶ 51. Further, I do not believe that we should interpret rules of civil procedure to encourage wiliness in litigation; there is enough of it out there already. These statutes exist to promote fairness and order in the civil justice system, not its opposite.

¶ 36    Second, section 2-402 provides a single, specific reason why a plaintiff may name an individual or entity as a respondent-in-discovery—if the plaintiff believes that individual or entity "to have information essential to the determination of who should properly be named as additional defendants in the action." A plaintiff can use this section only to answer a question of identity: who should be sued?

¶ 37    It is too late for plaintiffs to claim that they do not know whether they should have ever named R&C, Martin, and Continuum as defendants in the initial complaint. (Had plaintiffs named them as respondents-in-discovery in the first complaint, they would be better able to claim ignorance now.) But at this point, it seems preposterous for the plaintiffs to claim that they need to name R&C, Martin, and Continuum as respondents-in-discovery because, after having been named defendants, these entities have *essential* information, unknown to plaintiffs, as to whether they should have been sued in the first place. Indeed, we presume that the legislature did not intend to produce absurd, inconvenient, or unjust results. *Deprizio v. MacNeal Memorial Hospital Ass'n*, 2014 IL App (1st) 123206, ¶ 28.

¶ 38    Third, the procedural aspects of section 2-402 plainly apply to individuals or entities who have played no other role in the lawsuit at the time they are named as respondents-in-discovery. The section requires that a complaint and summons be served on the respondent-in-discovery; in this case, the former defendants have been served with a summons for the initial complaint. Though plaintiffs desired to use section 2-402, nothing in the record indicates plaintiffs served Continuum, R&C, and Martin with a summons in the form section 2-402 requires. This alone entirely defeats the plaintiff's use of section 2-402, whose requirements need to be strictly observed. *Robinson v. Johnson*, 346 Ill. App. 3d 895, 903 (2003).

¶ 39    Though the plain language should be enough to dispose of plaintiffs' arguments, I will also address the legislative history. Section 2-402 is a "special statutory action" that creates rights "unknown to the common law." (Internal quotation marks omitted.) *Id.* at 902. But because this procedure is unusual, plaintiffs intending to use it most "scrupulously observe" its requirements. *Id.* at 903 (finding that statute of limitations within section 2-402 cannot be extended).

¶ 40    In approving this rule for medical malpractice cases, the legislature intended that individual parties could obtain identifying information from large, opaque institutions (like hospitals) when the plaintiffs do not know precisely which person injured them. See *id.* at 901-02; *Moscardini v. Nuerosurg., S.C.*, 269 Ill. App. 3d 329, 335 (1994) (though section 2-402 applies to all civil actions, its purpose was " 'to provide plaintiff's attorneys with a means of filing medical malpractice suits without naming everyone in sight as a defendant' " (quoting *Clark v. Brokaw Hospital*, 126 Ill. App. 3d 779, 783 (1984))). The provision allows discovery so that a plaintiff can figure out whether he or she has a basis to bring a claim against

the respondent-in-discovery and then allows that plaintiff to convert the respondent-in-discovery into a defendant.

¶ 41 The whole text of the section contemplates a linear process, where a respondent-in-discovery might become a defendant, depending on what the plaintiff discovers. See *Coyne v. OSF Healthcare System*, 332 Ill. App. 3d 717, 719 (2002) (purpose of section 2-402 is to allow plaintiff "to determine whether the respondent should be made a defendant"). Plaintiffs have used section 2-402 precisely backward from the way the legislature intended: from defendant to respondent-in-discovery. The provision was not intended for plaintiffs who know who they want to sue and then sue them to dial back and recast named defendants as respondents-in-discovery. See *Bogseth*, 261 Ill. App. 3d at 691 (legislative history of section 2-402 shows purpose to allow plaintiff to conduct discovery "*before* he has to make a decision on whom to sue" (emphasis added and internal quotation marks omitted)).

¶ 42 The Legislature intended section 2-402 as a mechanism to spare potential defendants the inconvenience and expense of responding to frivolous civil complaints. See *id.* at 690-91. Instead, the majority's interpretation increases inconvenience and expense by letting a plaintiff keep a defendant "on the hook," so to speak, for limited discovery and possible reappearance as a defendant. The decision may lead to all sorts of unintended mischief.

¶ 43 On cross-appeal, the appellees argue that the trial court erred in denying their motion for sanctions under Rule 137. Sanctions require egregious circumstances, and we will reverse a trial court's sanctions only if the record demonstrates an abuse of discretion. *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 16. "A court has abused its discretion when no reasonable person would agree with its decision." *Id.* But, since this is an issue of first impression, I do not believe that there has been any showing of bad faith, and thus sanctions are unnecessary to deter false and frivolous filings. See *Krautsack v. Anderson*, 223 Ill. 2d 541, 561-62 (2006). Accordingly, while I agree with the majority's result, I do so for a different reason.