2020 IL App (2d) 180801-U
No. 2-18-0801 & 2-18-0802 cons.
Order filed March 20, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| DAVID J. LIBBY | ) | Appeal from the Circuit Court of Du Page County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 18-L-1 |
| | ) | |
| JIM THOMPSON, MICHELE HOGAN, KEITH COTE, ANGELA COTE, TIM MOHNS, KEVIN WILLIAMSON, GREG WITEK, PHIL RYKEN, PAUL CHELSEN, CHRISTIAN POLAND, and TIM NEWITT, | ) ) ) ) ) ) | Honorable Ronald D. Sutter and Brian R. McKillip |
| Defendants-Appellees. | ) | Judges, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Zenoff and Hudson concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The trial court properly dismissed plaintiff's complaint with prejudice against all defendants, denied plaintiff's motion for substitution of judge for cause, and granted defendants' motions for Rule 137 sanctions. We grant defendant Poland's motion for nonmonetary sanctions.

¶ 2   This appeal arises from an alienation of affection action brought by plaintiff, David J. Libby against eleven named defendants: Jim Thompson, Phil Ryken, Paul Chelsen, Christian

Poland, Tim Newitt, Keith Cote, Angela Cote, Michele Hogan, Tim Mohns, Kevin Williamson, and Greg Witek. Libby appeals three of the trial court's orders from the proceedings: the April 26, 2018 order, dismissing his complaint with prejudice against all defendants; an August 30, 2018 order, denying his motion for substitution of judge for cause; and an August 30, 2018 order, awarding sanctions to defendants Thompson and Poland. Defendant Poland has moved for sanctions, asserting that this appeal is frivolous. We affirm the orders of the circuit court and grant Poland's motion for sanctions.

¶ 3                                    I. BACKGROUND

¶ 4      We note at the outset that despite the voluminous record and muddled procedural history of the case before us, the underlying facts are quite simple. We limit our recitation of the facts of this case to only those necessary for rendering our disposition.

¶ 5      In December 2012, a judgment was entered dissolving the marriage between Libby and his ex-wife, Heather. On December 31, 2017, Libby filed a one-count complaint against the 11 named defendants pursuant to the Alienation of Affection Act. 740 ILCS 5/0.01 *et seq*. (repealed by Pub. Act 99-90, §1-10 (eff. Jan. 1, 2016)). In the "introduction" section of his complaint, Libby alleges that in 2015 defendant Thompson "guided" Heather and one of their children into filing false police reports against him. This, Libby alleged, was for the purpose of alienating Heather's and their children's affection toward him. In the following "background" section of his complaint, spanning 45 paragraphs, Libby mentions each of the other ten defendants only in passing alongside general allegations of misconduct by Wheaton College, the evangelical community of Du Page County, former Speaker of the House Dennis Hastert, and the alleged murder of a two-year-old child. It is difficult, if not impossible, to offer a cogent recitation of the allegations against the other defendants.

¶ 6    On February 9, 2018, defendant Thompson filed, *pro se*, a motion to dismiss and for sanctions pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018). By February 27, 2018, five of the eleven defendants had filed motions to dismiss plaintiff's complaint pursuant to both sections 2-615 and 2-619 of the Code of Civil Procedure (Code). See 735 ILCS 5/2-615, 5/2-619 (West 2018). They argued, *inter alia*, that Libby could not sustain an alienation of affection claim because his divorce with Heather was finalized five years before the action commenced and he could not establish any financial harm.

¶ 7    On February 28, 2018, plaintiff filed a motion for substitution of judge as a matter of right pursuant to section 2-1001(a)(2) of the Code. 735 ILCS 5/2-1001(a)(1) (West 2018). That motion was granted on March 1, 2018, and Judge Popejoy was assigned to the case. Judge Popejoy recused himself, and the case was reassigned to Judge McKillip. Libby informed Judge McKillip that he needed time to reply to the various motions to dismiss. Libby then stated that he submitted an amended complaint that morning (March 1). The following exchange then took place:

"MR. ELLIOTT [DEFENDANT POLAND'S ATTORNEY]: [S]ince none of us have seen [the amended complaint], we ought to set a briefing schedule [for defendants' motions to dismiss]. And I would propose 21 days to respond, 14 to reply. I don't know if that's acceptable to everyone.

And then upon the filing of the amended complaint, we can come back to your Honor, if appropriate.

MR. LIBBY: Your Honor, the amended complaint has been filed so it's -- you know, it's on the record.

THE COURT: It was filed without leave of court?

- 3 -

MR. LIBBY: Yeah. Yeah. We didn't have a Judge yet, so yeah. It was filed this morning.

THE COURT: Well, you had a Judge.

MR. LIBBY: Well --

THE COURT: You don't file amended complaints without leave of Court, Mr. Libby.

MR. LIBBY: Okay. Thank you. I wasn't sure how that worked."

The court then allowed Libby until March 22, 2018, to respond to the various motions to dismiss and set argument for the motions on April 26, 2018. The record is devoid of Libby ever seeking leave to file any amended complaint.

¶ 8    Libby filed responses to only two of the motions to dismiss; both responses were identical in substance and simply stated that the motions were "superseded" by his amended complaint. Four defendants, Thompson, Poland, Ryken and Chelsen, replied to Libby's responses, or lack thereof, to their motions to dismiss. In the responses, defendants Thompson, Ryken, and Chelsen addressed Libby's claim that their motions to dismiss were "superseded" by Libby's "1st Amended Complaint." The defendants argued that it was not properly before the court because Libby failed to get leave from the court to file it.

¶ 9    Undaunted, Libby filed two additional motions before the April 26 hearing. The first, filed April 12, 2018, was entitled a "RESPONSE TO DEFENDANT'S [*sic*] *** MOTIONS TO DISMISS 1st AMENDED COMPLAINT" and requested that Libby be able to "reply in joinder in a combined reply" to the motions to dismiss the seven-count amended complaint. The second, filed on April 23, 2018, requested that he be given additional 12 weeks to respond to the defendants' motions to dismiss due to the death of his father.

¶ 10     On April 26, 2018, the trial court heard arguments on defendants' motions to dismiss. Each defendant essentially argued that Libby was time-barred from stating a claim of action for alienation of affection. In response, Libby began to argue points in his amended complaint. The following exchange then occurred:

"MR. LIBBY: In making my amended complaint, I expanded --

THE COURT: I saw that you filed an amended complaint and the issue has been addressed in a couple of the motions that you never sought leave to file that, so that's stricken.

MR. LIBBY: But you granted that leave when you gave me essentially the -- you said we would deal with the statute of the amended complaint at this time, and what you did is that you said now we would look at that.

***

THE COURT: It's stricken. We're dealing with the complaint that was filed. That's what we're dealing with.

MR. LIBBY: So what you're doing is denying my right to make an amended complaint; is that right?

THE COURT: Continue your argument, Mr. Libby.

Libby then discussed the "calculated" "attack on [his] marriage."

¶ 11     The trial court then took judicial notice of the Libby's divorce and asked whether Libby conceded that his marriage with Heather was terminated in December 2012. Libby denied that his marriage was terminated.

"THE COURT: On what basis do you argue that? Have you remarried?

MR. LIBBY: When you say remarried, do you mean re-enjoin property or do you mean go before a judge or a minister and renew your vows?

THE COURT: Not renew. Get married. Get a wedding license, a marriage license, and go to a ceremony.

MR. LIBBY: I understand that. I conduct ceremonies and I have produced --

THE COURT: Answer my question though.

MR. LIBBY: Right. The answer to the question is the alienation of affection statute has consideration for recovery of relationships, it has consideration for --

THE COURT: Mr. Libby, can you answer my question? My question was: since December of 2012, have you and Heather Libby remarried?

MR. LIBBY: We had been in a good relationship until we were --

THE COURT: Okay. Thank you.”

¶ 12    The trial court then granted defendants' motions to dismiss with prejudice as to all defendants. In finding for defendants, the court noted that Libby failed to allege at least two of the required elements to state a claim for alienation of affection: specific economic damages and, more importantly, an existing spousal relationship. The court explained, “I understand why [Libby] doesn't answer my question because the answer is no, which means there is no basis on which he could currently bring an alienation of affection suit with respect to Heather Libby.” Further, the court found that “the statute of limitations is overwhelmingly controlling” as a claim of alienation of affection must have been brought within two years of the Libbys' divorce. Finally, the court set a briefing schedule for defendant Thompson's motion for costs and Rule 137 sanctions. Defendant Poland informed the court that he would also be filing a motion for costs and sanctions.

¶ 13    Poland filed those motions on May 15, 2018. Libby filed his responses to Thompson's and Poland's motions for costs and sanctions on May 23. On May 24, Libby filed a notice of appeal, identifying the April 26 order dismissing his complaint with prejudice.

¶ 14    After hearing argument on July 26, 2018, Judge McKillip granted Thompson's and Poland's motions for costs and reserved ruling on defendants' motions for sanctions until August 30. The order also provided that the audio record for that hearing would be impounded and no transcripts released without a court order. It is not in the record before us.

¶ 15    Before the August 30 hearing could begin, the court noted that Libby had filed a motion to substitute judge for cause just two days prior. See 735 ILCS 5/2-1001(a)(3) (West 2018). Libby's seven-page, single-spaced affidavit in support of his motion for substitution repeated several allegations of misconduct at the hands of Wheaton College from his complaint and accused Judge McKillip of acting in concert with both defendants and Wheaton College to "intentionally manipulate[]" the law to "entrap" him into paying an "illicit fee amount" to "teach [him] a lesson." In his affidavit, Libby averred that all of the judges in Du Page County are unduly influenced by Wheaton College, and requested a "far away judge" to preside over the remainder of the proceedings.

¶ 16    Judge Sutter heard Libby's argument on the motion. Much of his argument was repetitive from the written motion, but Libby also focused on a "pattern" of control that Wheaton College asserts over all the judges in Du Page County. Given the conclusory nature of Libby's allegations, Judge Sutter denied the motion. In denying Libby's motion, Judge Sutter explained the standard of review for determining whether a substitution for cause should be granted. He then went through Libby's affidavit paragraph by paragraph and explained why none of his allegations required a substitution of judge for cause. The case then proceeded back to Judge McKillip, who entered a

thorough written order granting sanctions to defendants: $4000 to Thompson and $10,000 to Poland.

¶ 17    In rapid succession on October 1, 2018, Libby filed a motion to reconsider the substitution of judge, a motion to vacate the April and August orders, and two notices of appeal, which identified the orders dismissing his complaint with prejudice, denying his motion to substitute, and issuing sanctions to Thompson and Poland.

¶ 18                                   II. ANALYSIS

¶ 19                                   A. Jurisdiction

¶ 20    Before addressing the substance of Libby's appeal, we must first address our jurisdiction. See *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042, 1043 (2007) ("we have an independent duty to verify our jurisdiction").

¶ 21    We note that Libby's May 24, 2018, notice of appeal was premature. Under Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017), "[w]hen a timely postjudgment motion has been filed by any party *** a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion, or before the final disposition of any separate claim, becomes effective when the order disposing of said motion or claim is entered." Applying Rule 303(a)(2) here, Libby's notice of appeal seemingly became effective on August 30, 2018, when the trial court entered the order resolving Thompson's and Poland's postjudgment motions for sanctions. However, Libby filed motions to vacate the dismissal and sanctions and to reconsider his motion for substitution of judge as well as two additional notices of appeal on October 1, 2018.[1] We thus will treat his October 1 notice of appeal that contained reference to the April order dismissing his

_____

[1] Libby's two appeals were consolidated.

complaint as an amended notice of appeal.

¶ 22   The initial record submitted to this Court ended with Libby's October 1 filings. On December 18, 2019, we ordered Libby to supplement the record with either the trial court's orders showing the conclusion of his motions to vacate and reconsider or an order providing Rule 304(a) language on the order granting Rule 137 sanctions within 30 days. On January 17, 2020, Libby filed a supplemental record nearly 1500 pages long.[2] Of relevance to our jurisdiction, the supplement contained two orders, one dated November 5, 2018, and one November 7, 2018, stating that Libby's motions to reconsider were denied for reasons set forth on the record. We have no record from those days. The supplemental record also contained an order from January 2, 2020, which read, in relevant part, "plaintiff's motion to reconsider and vacate filed on October 1, 2018 is denied. The Court's order of August 30, 2018 shall stand. This is a final and appealable order."

¶ 23   The supplemental record establishes that Libby's motions to reconsider and vacate filed on October 1 have been concluded. Thus, pursuant to Rule 302(a)(2), we now have jurisdiction to address Libby's contentions.

¶ 24                          B. Merits of the Appeal

¶ 25   Reminiscent of his filings at the circuit court, Libby's briefs on appeal are a rambling assertion of unsubstantiated claims of judicial malfeasance in gross violation of Rule 341. See Ill.

---

[2] The supplemental record contained the subsequent filings by both Libby and Poland. Libby filed three motions to stay pending appeal and a notice of removal to federal court claiming that Poland's actions were attacking his first amendment rights. Poland filed petitions for rule to show cause, regarding Libby's nonpayment of the $10,000 sanction.

S. Ct. R. 341(h)(6) (eff. May 25, 2018) (the statement of facts "shall contain the facts necessary to an understanding of the case, stated accurately and fairly *without argument or comment*, and with appropriate reference to the pages of the record on appeal \*\*\*." (emphasis added)); Ill. S. Ct. R. 341(h)(7) (the argument "shall contain the contentions of the appellant and the reasons thereof, with *citation of the authorities* and the pages of the record relied on." (emphasis added)). Libby's briefs establish that he either wholly misunderstands or, more likely, has a blatant disregard for the rules established for parties on appeal. Although we may strike his brief and dismiss the appeal for such flagrant violations of supreme court rules (see, *e.g.*, *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 15), we take this time to explain to Libby why his contentions on appeal fail, lest we also be accused of "active[ly] punish[ing] a plaintiff [for] coming to the court for justice" and "abus[ing] the vulnerable."

¶ 26    Having painstakingly parsed through his briefs, we have identified five issues that Libby raises on appeal. Among the unsubstantiated assertions, Libby argues that the trial court erred by (1) striking his amended complaint, (2) denying his motion for an extension of time to respond to defendants' motions to dismiss, (3) denying his motion to respond to defendants' motions to dismiss his amended complaint "in joinder," (4) denying his motion to substitute Judge McKillip for cause, and (5) granting sanctions to defendants Poland and Thompson.

¶ 27    We review Libby's first three arguments for an abuse of discretion, as the trial court has the inherent authority to control the course of litigation (see *J.S.A. v. M.H.*, 224 Ill. 2d 182, 196 (2007)), including a court's rulings on motions to file an amended pleading (*Clemons v. Mechanical Devices Co.*, 202 Ill. 2d 344, 351 (2002)) and motions for continuances (*Somers v. Quinn*, 373 Ill. App. 3d 87, 97 (2007)). A trial court abuses its discretion only when its decision is

arbitrary, fanciful, unreasonable, or where no reasonable person would take its view. *BNSF Railway Co. v. Grohne*, 2019 IL App (3d) 180063, ¶ 42.

¶ 28    Libby's first argument rests on the faulty premise that Judge McKillip "accepted" his amended complaint in open court on March 1, 2018, and that "acceptance" gave the amended complaint "standing" or "status." According to "basic law," Libby argues, parties are allowed to amend their complaints. What Libby fails to include in his recitation of "basic law" is the longstanding rule that amendments filed without leave of court are a nullity, which should be stricken. See *In re Estate of Zander*, 242 Ill. App. 3d 774, 776 (1993); *Moyer v. Southern Illinois Hospital Service Corp.*, 327 Ill. App. 3d 889, 895 (2002); *Westwood Construction Group, Inc. v. Irus Property, LLC*, 2016 IL App (1st) 142490, ¶ 17. Further, contrary to Libby's assertion of "basic law," plaintiffs do not have an absolute and unlimited right to amend their pleadings. *Kopncik v. JL Woode Management Company, LLC*, 2017 IL App (1st) 152054, ¶ 32. Here, Libby presented an amended seven-count complaint at a status hearing on his original one-count complaint. When the court was notified that he did so without getting leave, it explained to Libby that he was not allowed to file an amended complaint without getting leave from the court to do so. The record demonstrates that Libby failed to obtain leave at any time, rendering his amended complaint stricken. We find that the trial court's decision to strike Libby's amended complaint was not arbitrary but rather in accordance with established law. Thus, the court did not abuse its discretion.

¶ 29    Similarly, the trial court did not abuse its discretion in denying Libby's motion for an additional 12 weeks to reply to defendants' motions to dismiss. Libby cites *Redmond v. Central Community Hospital*, 65 Ill. App. 3d 669, 678 (1978) for the premise that a court could allow the filing of a late response when the reason for the failure to respond was due to circumstances beyond

the control of the litigant. Here, Libby argues, the death of his father was a circumstance beyond his control, and the court committed a grave injustice when it did not allow him a proper 12-week bereavement time. While we agree that the court *may* allow for an extension of time (see Ill. S. Ct. R. 183 (eff. Feb. 16, 2011)), nothing in our research remotely suggests that a court *must* do so. Rather, our research provides that trial courts are upheld in denying motions for much shorter extensions of time when the responding party does not act diligently in requesting those extensions. See, *e.g., Schacht v. Lome*, 2016 IL App (1st) 141931, ¶¶ 30-31 (upholding trial court's denial of a motion for a two-week extension). Here, Libby did not act diligently, waiting nearly a month after his responses were due to request a three-month extension. The court properly denied his motion for extension.

¶ 30    Libby's motion to "reply in joinder" to defendants' motions to dismiss his first amended complaint was also properly denied. Because the trial court did not err in striking the first amended complaint, see supra ¶ 28, there was no first amended complaint about which to write a motion. Therefore, the court did not err in dismissing Libby's motions.

¶ 31    Even if the court made a procedural error in denying Libby's motions for an extension of time or to reply "in joinder," we would still affirm the trial court's ultimate ruling to dismiss his complaint with prejudice. A court must dismiss a complaint with prejudice when it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to recover. *Kopncik*, 2017 IL App (1st) 152054, ¶ 21. Here, Libby filed a complaint pursuant to the Alienation of Affection Act in December 2017, which required the plaintiff allege (1) love and affection of the alienated spouse for the plaintiff; (2) actual damages; and (3) overt acts, conduct, or enticement by the defendants causing those affections to depart. *Schroeder v. Winyard*, 375 Ill. App. 3d 358, 364 (2007). Given the two-year statute of limitations on the claim and his December 2012 divorce from

Heather (which he may not recognize, but the State of Illinois does), the latest Libby could have filed such an action would be December 2014. He therefore cannot state a claim upon which relief can be granted, and dismissal with prejudice was appropriate under section 2-615 of the Code (735 ILCS 5/2-615(a) (West 2018)).

¶ 32    We next turn to Libby's fourth argument, that the trial court erred by denying his motion to substitute Judge McKillip for cause. Section 2-1001(a)(3) of the Code provides that a party moving for substitution for cause must submit a petition alleging grounds that, if true, would justify granting a substitution for cause. *In re Estate of Wilson*, 238 Ill. 2d 519, 554 (2010). Where, as here, bias or prejudice is invoked as the basis for seeking substitution, it must normally stem from an extrajudicial source. *In re Estate of Hoellen*, 367 Ill. App. 3d 240, 248 (2006). A judge's previous rulings almost never constitute a valid basis for a claim or judicial bias or partiality. *Wilson*, 238 Ill. 2d at 554. A trial judge is presumed to be impartial; the burden of overcoming this presumption rests with the party asserting the bias, who must present evidence of personal bias stemming from an extrajudicial source and evidence of prejudicial trial conduct. *Hoellen*, 367 Ill. App. 3d at 248. A trial court's determination of a motion to substitute for cause will not be reversed unless against the manifest weight of the evidence. *Gakuba v. Kurtz*, 2015 IL App (2d) 140252, ¶ 24. A ruling is against the manifest weight of the evidence when the opposite conclusion is clearly evident or the determination is without basis in the evidence presented. *Prodromos v. Everen Securities, Inc.*, 389 Ill. App. 3d 157, 170-71 (2009).

¶ 33    Libby's briefs here do not discuss why Judge Sutter erred in denying his motion for substitution of judge for cause, but rather rehash—without citation to authorities—why Libby believes Judge McKillip erred in dismissing his complaint and that Judge Sutter's denial of his motion resulted in an "unfair award of Rule 137 sanctions." Neither argument supports his

contention that Judge Sutter erred in denying Libby's motion for substitution. Rather, the record shows Judge Sutter took over 30 minutes to review the written petition and heard Libby's oral argument on the petition. In denying Libby's motion to substitute Judge McKillip for cause, Judge Sutter thoroughly explained the standards and examined Libby's affidavit paragraph by paragraph. We agree with his analysis. We also note that opinions formed by the judge based on events occurring in the course of the proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. *Wilson*, 238 Ill. 2d at 554 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Libby did not substantiate any of his claims against Judge McKillip, apart from his ruling against Libby's motions. Thus, Judge Sutter did not err in denying Libby's motion to substitute Judge McKillip for cause.

¶ 34    Finally, Libby asserts that the trial court erred in granting Rule 137 sanctions to defendants Thompson and Poland. He argues that the sanctions were solely a means "of punishment for speaking out about the corruption *** in the Dupage Court." Libby is correct that the sanctions were a punitive measure—not for speaking out against the court, but rather for filing a lawsuit with no merit.

¶ 35    The purpose of rule 137 is to prevent the abuse of the judicial process by penalizing claimants who bring vexatious and harassing actions or file false and frivolous lawsuits. *McCarthy v. Taylor*, 2019 IL 123622, ¶ 19. Rule 137 authorizes a court to impose sanctions against a party for filing a pleading that is not well grounded in fact; not supported by existing law or lacks a good-faith basis for the modification, reversal, or extension of the law; or interposed for any improper purpose. Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018). If a court imposes sanctions, it must provide an explanation of its reasoning, to make clear to the sanctioned party what conduct will

not be tolerated. Ill. S. Ct. R. 137(d); *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 15. A trial court's decision to impose sanctions is entitled to significant deference, and we will not disturb its decision absent an abuse of discretion. *Williams Montgomery & John Limited v. Broaddus*, 2017 IL App (1st) 161063, ¶ 43.

¶ 36 The trial court did not abuse its discretion by imposing sanctions against Libby. The court issued a five-page single spaced document explaining in great detail why it imposed sanctions. It summarized:

"In short, [Libby's] complaint is a rambling recitation of irrelevant facts with no substantive allegations against defendant Poland and somewhat bizarre and irrelevant allegations against defendant Thompson, relating [to] conduct occurring long after [the] dissolution of [Libby's] marriage and after the statute of limitations had run.

By an objective standard, [Libby's] complaint is without even a colorable claim against the defendants. But even if the standard were the good faith of [Libby], this cause warrants the application of sanctions against [him]."

We agree.

¶ 37 In his briefs before us, Libby does nothing to challenge the actual order of sanctions, merely labeling them as "punitive" and "unfair." While we do not doubt that Libby finds the sanctions a punishment, that is exactly what they are designed to be. Accordingly, the trial court did not err in granting Rule 137 sanctions to defendants Thompson and Poland.

¶ 38                    C. Poland's Motions for Sanctions

¶ 39 In his briefs on appeal, defendant Poland requests that we award him "sanctions under Rule 375 for Libby's frivolous and bad faith appeal, in a monetary amount to be determined by separate briefing," and "order that Libby is barred from filing or pursuing any further legal claims or

complaints with any judicial, quasi-judicial, or governmental body against Poland without prior leave of court, which must be based on admissible evidence in support of any such further claims or complaints." Libby failed to respond to Poland's requests for sanctions. We review them now.

¶ 40    Rule 375 states that if an appeal is frivolous, not taken in good faith, or taken for an improper purpose such as to harass or to cause unnecessary delay or needless increase in the costs of litigation, an appropriate sanction may be imposed upon any party upon either the motion of another party or *sua sponte* by the reviewing court. Ill. S. Ct. R. 375(b) (eff. Feb. 1, 1994). In determining whether an appeal is frivolous, we use an objective standard; the appeal is frivolous if it would not have been brought in good faith by a reasonable, prudent attorney. *Penn v. Gerig*, 334 Ill. App. 3d 345, 357 (2002). The imposition of those sanctions is left entirely to the discretion of the reviewing court. *McNally v. Bredemann*, 2015 IL App (1st) 134048, ¶ 24.

¶ 41    After thoroughly reviewing the record, we believe that this appeal is frivolous. We find that Libby lacked a legal or factual basis to pursue his alienation of affection claim against defendants and to appeal it. As detailed above, Libby's arguments were either without foundation or unsupported by the record and in direct contrast of legal authorities. His briefs have no basis in law and merely serve as a continuance of his crusade against Wheaton College, the Du Page County courts, and anyone peripherally associated with either institution. We find none of his claims meritorious, and no reasonable, prudent attorney would have brought it.

¶ 42    We also take judicial notice of Libby's voluminous filings at the circuit court and federal district court[3] as evidence of his being a vexatious litigant, with his sights set squarely on those he perceives to be his enemies. Briefly, Libby has filed no less than seven cases in the past ten years that were dismissed and has been ordered to pay upwards of $60,000 in sanctions and attorney fees.[4] In further evidence of the frivolous and harassing nature of this appeal, Libby has filed three motions for extensions of time with fraudulent affidavits, needlessly prolonging the disposition.

¶ 43    We are mindful that sanctions are penal in nature and should only be applied to cases that fall strictly within the rule's language. *Enbridge Energy (Illinois), L.L.C. v. Kuerth*, 2018 IL App (4th) 150519-B, ¶ 72. We find that Libby's conduct was egregious, frivolous, and brought for an improper purpose. However, as evidenced by the ongoing proceedings at the trial court, it is also demonstrably clear to us that monetary sanctions will not be a sufficient means of penalizing Libby's vexatious conduct. Accordingly, we deny Poland's request for monetary sanctions but grant his request for nonmonetary sanctions. See *People v. Austin*, 2014 IL App (4th) 140408, ¶ 26 (directing the clerk to disregard any new appeals from a vexatious litigant). We hereby bar Libby from filing or pursuing any further legal claims or complaints with any judicial, quasi-judicial, or governmental body against Poland without prior leave of court, which must be based on admissible evidence in support of any such further claims or complaints.

---

[3] In August 2019, defendant Poland filed two motions, requesting that we take judicial notice of Libby's filings in both the federal district court and circuit court of Du Page County. We took the motions with the case and grant both here.

[4] As of the filing of this disposition, defendant Poland is currently going through collections proceedings for the $10,000 sanction award.

¶ 44                                  III. CONCLUSION

¶ 45    For the reasons stated, we affirm the trial court's April 26 and August 30 orders dismissing Libby's complaint with prejudice against all defendants, denying Libby's request for a substitution of judge for cause, and granting rule 137 sanctions to defendants Thompson and Poland. We also find Libby to be a vexatious litigant and hereby grant defendant Poland's motion for nonmonetary sanctions pursuant to Rule 375.

¶ 46    Affirmed.