BERTHA ROBINSON, as Special Adm'r of the Estate of Abe Robinson, Deceased, Plaintiff-Appellee, v. CLAUDIA M. JOHNSON *et al.*, Defendants-Appellants (Advocate Trinity Hospital *et al.*, Defendants).

First District (4th Division)   No. 1—02—2121

Opinion filed September 25, 2003.—Rehearing denied March 22, 2004.—Supplemental opinion filed March 25, 2004.

Rooks Pitts (Patricia C. Nowak and Gwen M. Geraghty, of counsel), and Kominiarek, Bresler, Harvick & Gudmundson, L.L.C. (C. Thomas Hendrix and Sherry Mundorff, of counsel), both of Chicago, for appellants.

Levin & Perconti, of Chicago (Jeffrey E. Martin, of counsel), for appellee.

PRESIDING JUSTICE QUINN delivered the opinion of the court: This matter is before us on a certified question pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308). The certified question is whether a trial court has discretion pursuant to Illinois Supreme

Court Rule 183 (134 Ill. 2d R. 183) to extend the six-month statutory period set forth in section 2—402 of the Code of Civil Procedure (735 ILCS 5/2—402 (West 1998) for converting respondents in discovery to defendants. We answer this question in the negative.

This appeal arises from the granting of two motions for extensions of time in a medical malpractice action. On June 15, 1999, Bertha Robinson (plaintiff) filed a complaint alleging the wrongful death of her husband was caused by Advocate Trinity Hospital while her husband was a patient at the hospital. The complaint also named Drs. Johnson and Aglipay as respondents in discovery. Under section 2—402 of the Code of Civil Procedure, a respondent in discovery may be converted to be a defendant at any time within a six-month period from the date the person or entity is named as a respondent in discovery. 735 ILCS 5/2—402 (West 1998). In this case, the time to convert the respondents in discovery to defendants under section 2—402 was to expire on December 15, 2001. On December 11, 2001, plaintiff filed an emergency motion seeking an extension of time until February 25, 2002, to convert the respondents in discovery to defendants. Over the respondents' objections, the motion was also granted. On February 13, 2002, plaintiff sought a second extension of time until March 15, 2002, to convert the respondents in discovery to defendants. Over respondents' objections, the second motion was also granted. The defendant doctors then moved for leave to appeal under Illinois Supreme Court Rule 308 (155 Ill. 2d R. 308).

Over plaintiff's objection, the trial court granted the Rule 308 motion to certify the question for appeal. The question certified reads: "Whether the trial court has discretion pursuant to Illinois Supreme Court Rule 183 to extend the six-month statutory period set forth in 735 ILCS 5/2—402 for converting respondents in discovery to defendants." On August 29, 2002, this court granted respondents-in-discovery's application to appeal.

On appeal, Drs. Johnson and Aglipay assert that the trial court erred in granting plaintiff's two motions for extensions of time to convert the respondents in discovery to defendants where the statute has no provision for extensions of time. 735 ILCS 5/2—402 (West 1998). For the following reasons, we answer the trial court's question in the negative and we hold that a trial court may not extend section 2—402's six-month period during which a respondent in discovery may be made a defendant.

## BACKGROUND

The complaint in this case asserts the following pertinent facts. On June 21, 1999, Abe Robinson (Robinson) was admitted to Advocate

Trinity Hospital for rectal bleeding. On June 28, 1999, Dr. Aglipay performed anterior colon resection exploratory surgery on Robinson. On June 29, 1999, Dr. Aglipay also performed surgery on Robinson's right knee.

On July 7, 1999, while walking unassisted to the bathroom in the hospital room, Robinson tripped and fell, striking the left side of the back of his head. That same day, a CT scan of his skull revealed an occipitoparietal hematoma of Robinson's brain.

On July 8, 1999, Dr. Johnson discharged Robinson from Advocate Trinity Hospital. On July 15, 1999, Robinson went to Dr. Aglipay for a follow-up visit for his colon resection surgery. Dr. Aglipay prescribed 2.5mg of Coumadin (a blood thinner) to be taken daily. The complaint alleges that Dr. Aglipay did not monitor Robinson's INR level, which is a method to measure the effectiveness of Coumadin. Robinson saw Dr. Aglipay on two other occasions, but his INR level was never checked.

On September 4, 1999, a CT scan revealed an intracranial hemorrhage. On September 19, 1999, another CT scan revealed a new intraparenchymal acute hemorrhage in the right parietal lobe of his brain. Robinson died on September 21, 1999 from the hemorrhage.

On June 15, 2001, Bertha Robinson (plaintiff), as the special administrator of Robinson's estate, filed a wrongful death action against Advocate Trinity Hospital; the same action named Drs. Johnson and Aglipay as respondents in discovery.

On August 23, 2001, Dr. Aglipay produced Robinson's medical records. On October 5, 2001, Dr. Aglipay answered the plaintiff's written interrogatories.

On October 29, 2001, Dr. Johnson replied to the plaintiff's request for written discovery. On December 7, 2001, plaintiff deposed Dr. Johnson.

On November 30, 2001, Dr. Aglipay received a letter inquiring about his availability for deposition. On December 7, 2001, plaintiff sent a letter to both Drs. Johnson and Aglipay indicating she would present an emergency motion seeking an extension of time to convert respondents in discovery to defendants.

On December 11, 2001, plaintiff presented an emergency motion seeking additional time to convert respondents in discovery to defendants. Plaintiff's stated reason for the extension of time was that Dr. Johnson's deposition had been taken on December 7, 2001, and plaintiff "needed more time to have the transcript written up and reviewed by [plaintiff's] consultant." Plaintiff's motion was granted over respondents' objection. Plaintiff was given until February 25, 2002, to file her motion to convert respondents in discovery to defendants.

During January 2002, Dr. Aglipay's lawyer and plaintiff's counsel had several conversations regarding scheduling Dr. Aglipay's deposition. Plaintiff's counsel informed the court that he did not schedule Dr. Aglipay's deposition during January 2002 because he was busy trying or preparing to try another case. Dr. Aglipay was deposed on February 13, 2002.

On February 21, 2002, plaintiff presented another motion to extend time. Plaintiff stated that Dr. Aglipay had been deposed on February 13, 2002, and plaintiff's counsel "would need time thereafter to have the transcript written up and reviewed by [plaintiff's] consultant." Over the respondents' objections, the trial court granted another extension until March 15, 2002. In granting this second extension of time, the trial court wrote "[n]o further extensions under any circumstances will be considered."

On March 15, 2002, plaintiff filed her motion to convert respondents in discovery and sought leave to file the first amended complaint at law *instanter* (motion to convert). The motion to convert was set for presentation on March 21, 2002.

On March 21, 2002, when plaintiff failed to appear in court to present the motion to convert, the trial court struck plaintiff's motion. On April 8, 2002, plaintiff re-noticed the motion to convert respondents in discovery to defendants. The trial court entered a briefing schedule on plaintiff's motion to convert and allowed plaintiff until April 22, 2002, to file a reply to respondents' response to her motion to convert.

On April 22, 2002, plaintiff filed her reply supporting the motion to convert. The trial court set May 14, 2002, for hearing on the motion.

On May 14, 2002, after hearing arguments from all litigants, the trial court granted the plaintiff's motion to convert respondents in discovery to defendants. In doing so, the trial court indicated that it was relying on Supreme Court Rule 183 (134 Ill. 2d R. 183). The trial court then ordered plaintiff to file the first amended complaint by May 21, 2002.

On May 17, 2002, plaintiff filed an emergency motion to petition the trial court for an extension of time to file the first amended complaint. The plaintiff's stated reason for an extension of time was "due to the nature of the arguments raised by the Defendants ... and the unavailability of the [plaintiff's] medical consultant." Over the respondents' objections, the trial court granted the extension of time and gave plaintiff until June 15, 2002, to file the amended complaint.

On May 25, 2002, plaintiff filed her amended complaint. On June 11, 2002, pursuant to Illinois Supreme Court Rule 308, respondents filed a joint motion to certify the following question for appeal:

"Whether the trial court has discretion pursuant to Illinois Supreme Court Rule 183 to extend the six month statutory period set forth in 735 ILCS 5/2—402 for converting respondents in discovery to defendants." On July 18, 2002, over plaintiff's objection, the trial court granted respondents' motion to certify the question for appeal. On August 29, 2002, this court allowed the defendant-doctors' appeals.

## ANALYSIS

### SECTION 2—402

On appeal, respondents argue that the trial court erred in granting plaintiff two extensions of time because section 2—402 has no such provision.

■ The primary rule of statutory construction is to ascertain and give effect to the intention of the legislature. *In re C.W.*, 199 Ill. 2d 198, 211 (2002). The best means of determining legislative intent is through the statutory language. *Petersen v. Wallach*, 198 Ill. 2d 439, 444 (2002). "Where the language of the act is clear and unambiguous, a court will apply the statute without resort to further aids of statutory construction." *People v. O'Brien*, 197 Ill. 2d 88, 90-91 (2001). The interpretation of a statute is a question of law, and is subject to *de novo* review. *Petersen*, 198 Ill. 2d at 444.

■ Section 2—402 of the Illinois Code of Civil Procedure governing respondents in discovery, states in pertinent part:

> "The plaintiff in any civil action may designate as respondents in discovery in his or her pleadings those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action. ***
>
> Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action.
>
> * * *
>
> A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period." 735 ILCS 5/2—402 (West 1998).

"The legislative history of section 2—402 indicates that its purpose [is] to provide plaintiffs in medical malpractice actions with a means of filing suit without naming everyone in sight as a defendant." *Bogseth v.*

*Emanuel*, 261 Ill. App. 3d 685, 690 (1994). In enacting section 2—402, the legislature balanced the need to protect physicians from the increasing costs of medical malpractice insurance caused by the filing of frivolous lawsuits with the injured plaintiff's need to determine the surrounding circumstances and involvement of each person. *Coyne v. OSF Healthcare System*, 332 Ill. App. 3d 717, 718 (2002).

■ "The purpose of section 2—402 is obviously to permit an aggrieved party in a malpractice case to name parties not as defendants but as respondents to enable a plaintiff through liberal discovery rules to determine whether the respondent should be made a defendant." *Hugley v. Alcaraz*, 144 Ill. App. 3d 726, 734 (1986).

This court has held that section 2—402 is a special statutory action. See *Hugley*, 144 Ill. App. 3d at 734; *Moomaw v. Mentor H/S, Inc.*, 313 Ill. App. 3d 1031, 1037 (2000). This court has held: "[S]pecial statutory actions create rights unknown to the common law on the condition that suit be brought in the time therein specified. *Wilson v. Tromly*, 336 Ill. App. 403 (1949)." *Hugley*, 144 Ill. App. 3d at 734.

An action filed pursuant to the provisions of section 2—402 is a special statutory action because it creates a procedural right to name a party as a respondent in discovery for the purpose of discovering against whom one may or may not have a cause of action. Section 2—402 provides for broad discovery unknown to the common law and makes the six-month time requirement an inherent element of the right. *Froehlich v. Sheehan*, 240 Ill. App. 3d 93, 103 (1992). Accordingly, it permits the plaintiff to add a respondent in discovery as a defendant if the evidence discloses the existence of probable cause for such action. Meeting its requirements is a condition of the liability itself and not of the remedy alone, complying with its provisions is a condition precedent to plaintiff's right to seek a remedy. See *Hugley*, 144 Ill. App. 3d at 734.

Section 2—402 also provides that as long as a person or entity is named as a respondent in discovery within the statute of limitations period, a plaintiff then has an additional six months to obtain information which may indicate that that person or entity should be made a defendant. 735 ILCS 5/2—402 (West 1998). *Allen v. Thorex Hospital*, 275 Ill. App. 3d 695, 700 (1995). The six-month statutory period begins on the day the plaintiff files a complaint naming respondents in discovery. *Allen*, 275 Ill. App. 3d at 701. The six-month provision of section 2—402 may only extend, and not foreshorten, any limitations period against a respondent in discovery. *Allen*, 275 Ill. App. 3d at 700.

In this case, Robinson died on September 21, 1999. Under the Illinois wrongful death statute, plaintiff had two years to file an action

against the hospital and doctors alleging negligence in causing the wrongful death of her husband. 740 ILCS 180/2 (West 1998).

On June 15, 2001, plaintiff filed a wrongful death action against Advocate Trinity Hospital; the complaint also named Drs. Johnson and Aglipay as respondents in discovery. Under section 2—402, plaintiff had until December 15, 2001, to convert respondents in discovery to defendants. Thus, plaintiff had 84 days after the Wrongful Death Act (740 ILCS 180/1 *et seq.* (West 1998)) statute of limitations expired on September 21, 2001, to name Drs. Johnson and Aglipay as defendants.

As this court has held, when a plaintiff is proceeding on a special statutory cause of action, she must scrupulously observe all the requirements mandated in the statute. The reason that "compliance with fixed limitations within the statute is indispensable to the maintenance of a right thereunder is that the statutes create rights unknown to common law, fixing a time within which the action may be commenced, which element is such an integral part of the enactments that it necessarily is a condition of the liability itself and not of the remedy alone." *Wood Acceptance Co. v. King*, 18 Ill. App. 3d 149, 150-51, citing *Wilson v. Tromly*, 336 Ill. App. 403, 408-09 (1949). In other words, where a statute creates a right unknown to the common law, compliance with the time limit fixed by the statute is a condition of the right itself. Since section 2—402 offers plaintiff the right to convert Drs. Johnson and Aglipay to defendants, she must comply with the time limit set forth by the statute.

The Illinois Supreme Court and the Appellate Court have consistently refused to extend section 2—402's six-month time limit, despite the procedural and equitable arguments made by many plaintiffs in the past. *Murphy v. Giardina*, 82 Ill. 2d 529 (1980), barred the naming of additional parties as defendants in a wrongful death action because the six-month period for converting a respondent in discovery to a defendant had lapsed. *Allen v. Thorek Hospital*, 275 Ill. App. 3d 695 (1995), affirmed the trial court's order barring the conversion of the respondent in discovery to a defendant because plaintiff was one day beyond the six-month time limit. *Froehlich v. Sheehan*, 240 Ill. App. 3d 93 (1993), held that to be timely, a plaintiff's motion to amend his complaint to convert respondents in discovery to defendants must be filed within six months of naming respondents in discovery. *Browning v. Jackson Park Hospital*, 163 Ill. App. 3d 543 (1987), held that a plaintiff is not entitled to a second opportunity to present evidence to convert a respondent in discovery beyond the statutorily prescribed six-month time period. *Flores v. St. Mary of Nazareth Hospital*, 149 Ill. App. 3d 371 (1986), held that when a

plaintiff relies solely on Section 2—402 to avoid the preclusive effect of a statute of limitation, he must comply with all of the provisions of that section. As already mentioned, *Hugley v. Alcaraz*, 144 Ill. App. 3d 726 (1986), held that because converting a respondent in discovery is a statutory cause of action, plaintiff must follow all provisions in the statute as a condition precedent to plaintiff's right to seek a remedy. *Clark v. Brokaw Hospital*, 126 Ill. App. 3d 779 (1984), held that plaintiffs must file a motion and request a hearing to present evidence to convert a respondent in discovery within the six-month period, even though the actual hearing could be held outside the six-month window. *Torley v. Foster G. McGraw Hospital*, 116 Ill. App. 3d 19 (1983), held that section 2—402 requires a plaintiff to move for leave to file the motion to convert within the statutory six-month period, and failure to do so within the prescribed time period bars conversion.

■ Plaintiff argues that the two extensions of time which were granted in the instant case were necessary because respondents had failed to respond to discovery in a timely manner.

Section 2—402 addresses discovery as follows:

> "Persons or entities so named as respondents in discovery shall be required to respond to discovery by the plaintiff in the same manner as are defendants and may, on motion of the plaintiff, be added as defendants if the evidence discloses the existence of probable cause for such action." 735 ILCS 5/2—402 (West 1998).

This language has been interpreted to mean that "[t]he power acquired by service of notice [that a party is designated] as a respondent in discovery permits the circuit court to compel discovery in the same manner as from a defendant." *Coyne*, 332 Ill. App. 3d at 719. Further, "[S]ection 2—402 subjects respondents in discovery to the same procedural and discovery rules and safeguards as defendants." *Coyne*, 332 Ill. App. 3d at 719.

In this case, nothing in the record demonstrates that the respondents engaged in delay or evasive tactics to squander plaintiff's six-month statutory period. Dr. Johnson answered plaintiff's written interrogatories on October 29, 2001. Dr. Johnson was then deposed on December 7, 2001. Dr. Johnson answered the plaintiff's written interrogatories and was presented for deposition within the six-month statutory period.

The record also reflects that Dr. Aglipay answered plaintiff's request to produce Robinson's medical records on August 23, 2001. Dr. Aglipay answered plaintiff's interrogatories on October 5, 2001. Plaintiff's counsel did not schedule Dr. Aglipay's deposition during January 2002 because plaintiff's counsel was busy trying or preparing to try another case. Dr. Aglipay was deposed on February 13, 2002. A

review of the record indicates that the delays in discovery were occasioned by the actions or inactions of plaintiff's counsel as well as by the respondents. Indeed, had Drs. Johnson and Aglipay been tardy in their responses, plaintiff should have sought an order compelling compliance as provided by the rules of discovery. 166 Ill. 2d R. 204. The fact that plaintiff did not seek the court's assistance in compelling the defendants to comply with discovery severely undercuts plaintiff's argument.

## SUPREME COURT RULE 183

■ In allowing the plaintiff's motions to convert respondents in discovery into defendants, the trial court said that it was relying upon Supreme Court Rule 183. On appeal, respondents argue that Supreme Court Rule 183 did not give the trial court the power to grant extensions of time under section 2—402.

Illinois Supreme Court Rule 183 provides: "The court, for good cause shown on motion after notice to the opposite party, may extend the time for filing any pleading or the doing of any act which is required by the *rules* to be done within a limited period, either before or after the expiration of the time." (Emphasis added). 134 Ill. 2d R. 183.

When interpreting the supreme court rules, the appellate court must ascertain and give effect to the supreme court's intent. *Irwin v. McMillan*, 322 Ill. App. 3d 861, 869 (2001).

In this case, Rule 183's plain language indicates that it only applies to the time limits set forth by the Illinois Supreme Court rules. It simply does not apply to a statutory time limit. The six-month time limit mandated in the respondent-in-discovery statute is a statutory time limit. 725 ILCS 5/2—402 (West 1998). Consequently, Rule 183 does not have any effect on this statutory time limit. Accordingly, the trial court erred in granting the plaintiff two extensions.

Our holding is also supported by the application of the rules of statutory construction. "It is axiomatic that where the language of a statute is plain and unambiguous, the only role of the court is in its application." *In re M.M.*, 156 Ill. 2d 53, 69 (1993). As this court has held: "The court must not construe a statute to add exceptions or limitations or change the law set forth in the statute so as to depart from the statute's plain language." *Poullette v. Silverstein*, 328 Ill. App. 3d 791, 794 (2002). Similarly, the trial court has no authority to alter a statute. *Cunningham v. Huffman*, 154 Ill. 2d 398, 403-04 (1993). The language of section 2—402 is unambiguous. It provides that if the plaintiff chooses to, the plaintiff must convert a respondent in discovery to a defendant within six months after being named as a

respondent in discovery. Under the plain and unambiguous language of the statute, the trial court cannot grant an extension of time to convert a respondent in discovery to a defendant beyond the statutory six-month period.

Plaintiff asserts that it has been the custom and practice of some trial courts to grant extensions of time for filing motions to convert respondents in discovery to defendants.

This court has held that custom and practice cannot be invoked where it circumvents a rule or statute. *Metromedia, Inc. v. Kramer*, 152 Ill. App. 3d 459, 468 (1987). Thus, plaintiff's argument has no merit because custom and practice cannot be used to circumvent a clear and unambiguous statute.

The requirements mandated in section 2—402 must be scrupulously followed because "section 2—402 *** affords a plaintiff a six-month extension of the statute of limitation and an opportunity unknown at common law: the right to unilateral discovery." *Froehlich*, 240 Ill. App. 3d at 103.

## THE TORT REFORM ACT

■ On appeal, respondents argue that the "Tort Reform Act" (Pub. Act 89—7, eff. March 9, 1995) is inapplicable in this case. The record shows that in plaintiff's first amended complaint, she cited to the "Tort Reform Act" as legal authority arguing that the trial court did not err in granting her the extensions. However, on appeal, plaintiff concedes that the 1995 amendment to section 2—402 within the "Tort Reform Act" was found unconstitutional by the Illinois Supreme Court. Nonetheless, plaintiff urges us to look to the legislative intent of Public Act 89—7 (Pub. Act 89—7, eff. March 9, 1995) and allow the extension of time under section 2—402.

In 1995, the Illinois legislature passed Public Act 89—7, commonly known as the "Tort Reform Act." The Tort Reform Act added several provisions to section 2—402. One of these provisions allowed for a six-month extension to the original six-month statutory period in which a plaintiff could convert a respondent in discovery to a defendant. The amendment provided, in pertinent part:

> "No extensions of this six-month period shall be permitted unless the plaintiff can show a failure or refusal on the part of the respondent to comply with the timely filed discovery." 735 ILCS 5/2—402 (West 1998).

In *Best v. Taylor Machine Works*, 179 Ill. 2d 367 (1997), our supreme court declared Public Act 89—7 unconstitutional in its entirety. *Best*, 179 Ill. 2d at 467. Consequently, the additional six-month extension of time provision perished along with Public Act 89—7.

As stated earlier, "[w]here the language [of the act] is clear and unambiguous, we will apply the statute without resort to further aids of statutory construction." *O'Brien*, 197 Ill. 2d at 90-91. In addition, "it is fundamental to our judicial system that 'once our supreme court declares the law on any point, its decision is binding on all Illinois courts,' and we cannot refuse to follow it because we have no authority to overrule or modify supreme court decisions." *People v. Crespo*, 118 Ill. App. 3d 815, 822 (1983), quoting *People v. Jones*, 114 Ill. App. 3d 576, 585 (1983). As such, plaintiff's argument has no merit and we will not resort to other aids to interpret a clear and unambiguous statute, nor will we apply a void statutory amendment to this case.

## UNJUST RESULTS

■ Finally, plaintiff argues that the law abhors absurd and unjust results. Plaintiff posits that a holding by this court that the extensions should have been denied is tantamount to forfeiting the plaintiff's right to recover pecuniary damages for the alleged wrongful death of plaintiff's decedent caused by Drs. Johnson and Aglipay and Advocate Trinity Hospital.

Our supreme court has held that "the possibility of an unjust or absurd result is generally not enough to avoid the application of a clearly worded statute." *Petersen*, 198 Ill. 2d at 447. In addition, as this court has held, "our role is to give effect to the statute in question—no matter the result." *Turner v. Nama*, 294 Ill. App. 3d 19, 33 (1997). Any alteration to the statute, regardless of any perceived benefit or danger, must necessarily be sought from the legislature.

Accordingly, the trial court did not have discretion pursuant to Illinois Supreme Court Rule 183 to extend the six-month statutory period set forth in section 2—402 for converting respondents in discovery to defendants. The extension orders are vacated and the cause is remanded to the trial court for further proceedings consistent with this decision.

This court granted leave to the Illinois Trial Lawyers Association (ITLA) to file an *amicus curiae* petition for rehearing in support of Robinson's petition for rehearing. Both petitions argue that if Supreme Court Rule 183 does not give the circuit court the ability to extend the period for conversion of respondents in discovery to defendants, plaintiffs will have no remedy when respondents in discovery fail to answer discovery in a timely manner. The petitions posit that the sanctions provided in Supreme Court Rule 219(c) to compel parties to comply with discovery requests and orders would either have no applicability to a recalcitrant respondent in discovery or would not provide substantive relief to plaintiffs. 166 Ill. 2d R. 219(c). Imposing

reasonable attorney fees and expenses and other monetary penalties may punish an uncooperative respondent in discovery, but the plaintiff would still not have the requested discovery. Further, Rule 219(c)(i)'s provision that the circuit court may enter an order "[t]hat further proceedings be stayed until the order or rule is complied with" would not be available as a sanction because of our holding that the trial court does not have the authority to extend the six-month conversion period even for good cause shown. 166 Ill. 2d R. 219(c)(i).

These are legitimate concerns. However, as we have previously pointed out in this opinion, it is our role to give effect to a clearly worded statute, no matter the result. *Turner*, 294 Ill. App. 3d at 33; *Petersen*, 198 Ill. 2d at 447.

As we have also previously pointed out in this opinion, the best remedy available to plaintiffs in cases in which respondents in discovery fail to comply with discovery in a timely manner, whether due to purposeful misconduct or through no fault at all, is to convert the respondent in discovery into a defendant.

In her petition for rehearing, Robinson argues that our holding that Rule 183 only applies to time limits set forth in the Illinois Supreme Court rules is erroneous. In support of her argument, Robinson cites *Premo v. Falcone*, 197 Ill. App. 3d 625 (1990), which held that section 2—622's requirement that a report of a reviewing health professional be filed within 90 days of the filing of a complaint may be extended for good cause shown under Rule 183. *Premo* also noted that section 2—1007 of the Code of Civil Procedure contains similar language to Rule 183.

Section 2—1007 provides in pertinent part:

"On good cause shown, in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment.

The circumstances, terms and conditions under which continuances may be granted, the time and manner in which application therefor shall be made, and the effect thereof, shall be according to rules." 735 ILCS 5/2—1007 (West 2002).

While the language of section 2—1007 is similar to the language of Rule 183, this does not aid Robinson's argument. Section 2—1007 is in the section of the Code of Civil Procedure titled "Pretrial Steps." 735 ILCS 5/2—1001 *et seq.* (West 2002). Section 2—1007 has been employed to permit an extension of time to: file an answer (*Lehman v. Stevens*, 148 Ill. App. 3d 538 (1986)); file a late jury demand (*In re Estate of Stewart*, 148 Ill. App. 3d 298 (1995)); or raise an objection to jurisdiction (*Diaber v. Con/Chem, Inc.*, 57 Ill. App. 3d 918 (1978)). However, section 2—1007 has never been interpreted as permitting

the circuit court to extend the period of any statute of limitations. Section 2—1007 has also been interpreted as giving the circuit court authority to extend the time allowed by section 2—622 for filing the required affidavits and medical reports. See *Premo v. Falcone*, 197 Ill. App. 3d at 630-31; *Blalark v. Chung*, 177 Ill. App. 3d 541, 543 (1988). See also *Tucker v. St. James Hospital*, 279 Ill. App. 3d 696, 704 (1996).

■ Robinson's argument as to the applicability of Rule 183 and section 2—1007 to section 2—622 does not support her argument that Rule 183 may be employed to extend the statute of limitations for filing suit. However, her argument does illuminate the practicability of the solution previously suggested—the plaintiff may simply file a motion to convert a respondent in discovery into a defendant. If section 2—402's six-month limit is being approached, a plaintiff could file a motion to convert the respondent in discovery into a defendant, and after the respondent in discovery is actually converted into a defendant, the plaintiff could employ both Rule 183 and section 2—1007 to extend the time in which plaintiff must meet the requirements of section 2—622.

Finally, in their petitions for rehearing, both Robinson and ITLA request that we apply our ruling in this case prospectively. They argue that a retroactive application of our construction of section 2—402 would effectively prevent any plaintiff from converting a respondent in discovery to a defendant if the plaintiffs in these cases had ever sought and received from the trial court an extension of the six-month time limit. They also argue that retroactive application of our decision would encourage motions to dismiss and motions for summary judgment against presently named defendants who were previously respondents in discovery and whose status as respondents were extended beyond six months by court order.

■ "While, as a general rule, a decision will be applied retrospectively, a court has the inherent power to determine whether its decision should be prospectively or retroactively applied." *Carlson v. Moline Board of Education, School District No. 40*, 231 Ill. App. 3d 493, 499 (1992). See also *Department of Transportation v. Hunziker*, 342 Ill. App. 3d 588, 602 (2003); *Contreras v. Industrial Comm'n*, 306 Ill. App. 3d 1071, 1077 (1999). The presumption that a decision by a court of review is to apply both retroactively and prospectively "can be overcome in two types of circumstances. First, the issuing court itself may expressly state that its decision will be applied prospectively only. [Citation.] Second, a later court may, under certain circumstances, override the presumption by declining to give the previous opinion retroactive effect, at least with respect to the parties appearing before the later court." *Aleckson v. Village of Round Lake Park*, 176 Ill. 2d 82, 86 (1997).

In *Aleckson*, the Second District of the Appellate Court concluded that its previous decision in *Mueller v. Board of Fire & Police Commissioners*, 267 Ill. App. 3d 726 (1994), should not be given a retroactive application to a particular case. Our supreme court characterized the issue before it as follows: "On appeal before this court, defendants maintain solely that the appellate court does not have the authority to apply *Mueller* prospectively. In defendants' view, only this court may declare whether a decision will apply prospectively. Alternatively, defendants maintain that even if the appellate court possesses such a power, the court improperly exercised it in this case. Plaintiffs, on the other hand, argue that the appellate court does have such a power and that it exercised it properly in the instant case. We agree with plaintiffs and, therefore, affirm the judgment of the appellate court." *Aleckson*, 176 Ill. 2d at 86.

As we are the court that is initially issuing the decision in question, it would appear that we may simply say that it is our decision to apply our decision prospectively only. However, in *Tosado v. Miller*, 188 Ill. 2d 186, 196 (1999), decided after *Aleckson*, our supreme court issued a decision that held that the one-year statute of limitation provided in section 8—101 of the Local Governmental and Governmental Employees Tort Immunity Act applied to a given case. 745 ILCS 10/8—101 (West 1996). In deciding whether to apply the decision only prospectively, the court considered the three factors that *Aleckson* applied to determine whether a later court should apply the decision of a prior court prospectively only. *Tosado v. Miller*, 188 Ill. 2d at 196-97.

The three factors to be considered are: (1) whether the decision to be applied nonretroactively established a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed; (2) whether, given the purpose and history of the new rule, its operation will be retarded or promoted by prospective application; and (3) whether substantial inequitable results would be produced if the former decision is applied retroactively. *Aleckson*, 176 Ill. 2d at 92-94.

Our ruling that Supreme Court Rule 183 does not give the circuit court the authority to extend the six-month limitations period in section 2—402 was an issue of first impression whose resolution was not clearly foreshadowed. The purpose of our decision, to clarify that Supreme Court Rule 183 does not extend the statutory time limit in section 2—402, will be promoted by prospective application. We agree with Robinson and ITLA that retroactive application of our decision would only promote litigation by encouraging motions to dismiss and motions for summary judgment against presently named defen-

dants who were previously respondents in discovery whose status as respondents was extended beyond six months by court order. Prospective application of our decision is also appropriate because substantial inequitable results would be produced if it is applied retroactively. We agree with Robinson and ITLA that a retroactive application of our holding would effectively prevent any plaintiff who had sought and received an extension of the six-month time limit from the circuit court from converting a respondent in discovery to a defendant. This result is particularly inequitable because the plaintiffs so affected could have filed motions to convert the respondents in discovery to defendants in a timely manner had the circuit court not granted the time-barred extensions.

Accordingly, we hold that our decision that Supreme Court Rule 183 does not provide a basis to extend the six-month time limit of section 2—402 applies only to those cases in which plaintiffs sought and received extensions of their section 2—402 motions beyond that section's six-month time limit commencing after the date of our decision in this case. However, we reject Robinson's request not to apply our ruling to the instant case. "On those occasions when prospective application is warranted, the holding of the court still controls the case at bar; to not apply the rule would render it *dictum* and deprive the challenger of the fruits of his efforts in questioning the old, erroneous rule." *John Carey Oil Co. v. W.C.P. Investments*, 126 Ill. 2d 139, 149 (1988); see also *Department of Transportation v. Hunziker*, 342 Ill. App. 3d at 602-03.

Reversed and remanded with directions.

REID and HARTIGAN, JJ., concur.