2020 IL App (1st) 190906-U

No. 1-19-0906

Order filed November 25, 2020

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| TEANYA SAWYER, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| ARI RUBENFELD, M.D.; AHMAD AREF, M.D.; | ) | |
| POOJA BHAT, M.D. a/k/a POOJA BHATT a/k/a POOJA | ) | |
| BHATIA, M.D.; AISHA TRAISH, M.D.; ROBERT | ) | No. 16 L 12569 |
| ROSMAN, M.D.; TIMOTHY MEEHAN; ELISABETH | ) | |
| SCHREIBER, APN; and KIMBERLY YORKMAN, | ) | |
| APN, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | Honorable |
| (Cindy Bitter, M.D.; Taylor Starnes M.D.; and Ryan | ) | Brendan A. O'Brien, |
| Bolton, M.D., Respondents-in-Discovery-Appellees). | ) | Judge presiding. |

_____

JUSTICE BURKE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where plaintiff failed to file a motion to convert three respondents in discovery into defendants within the time period allowed by the respondents-in-discovery statute, we affirm the circuit court's orders terminating their status as respondents in discovery.

¶ 2    Plaintiff Teanya Sawyer sued several medical professionals for medical malpractice and named Dr. Cindy Bitter, Dr. Taylor Starnes and Dr. Ryan Bolton as respondents in discovery. Plaintiff had difficulty serving each doctor with a summons for discovery, and she was only able to serve them more than a year after filing her complaint. Citing the time limitations set forth in the respondents-in-discovery statute (735 ILCS 5/2-402 (West 2018)), all three doctors filed motions to terminate their status as respondents in discovery, arguing that plaintiff had waited too long to file a motion to convert them into defendants. The circuit court agreed with the doctors and terminated their status as respondents in discovery. Plaintiff now appeals those orders and contends that the circuit court misinterpreted the respondents-in-discovery statute by believing it had no discretion to consider her diligence in attempting to serve Dr. Bitter, Dr. Starnes and Dr. Bolton, and therefore erred by granting the doctors' motions to terminate. For the reasons that follow, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4                          A. Respondents-in-Discovery Statute

¶ 5    The respondents-in-discovery statute (735 ILCS 5/2-402 (West 2018)) allows a plaintiff an opportunity to obtain discovery against a person she believes may "have information essential to the determination of who should properly be named as additional defendants in the action." The statute's purpose "is obviously to permit an aggrieved party in a malpractice case to name parties not as defendants but as respondents to enable a plaintiff through liberal discovery rules to determine whether the respondent should be made a defendant." *Hugley v. Alcaraz*, 144 Ill. App.

3d 726, 734 (1986). The statute is a litigation reform that helps "avoid the stigma, costs, and burdens thrust upon individuals being named defendants to litigation unnecessarily." *Bogseth v. Emanuel*, 166 Ill. 2d 507, 517 (1995).

¶ 6　According to the statute, after naming a person a respondent in discovery, the plaintiff must serve him or her with a copy of the complaint and a summons for discovery. 735 ILCS 5/2-402 (West 2018). Once a respondent in discovery had been named and served, the circuit court acquires jurisdiction over the person (*Westwood Construction Group, Inc. v. Irus Property, LLC*, 2016 IL App (1st) 142490, ¶ 15), and he or she must respond to discovery in the same manner as a named defendant. 735 ILCS 5/2-402 (West 2018). After proceeding in discovery against a respondent in discovery, the plaintiff may file a motion to convert the respondent into a defendant, which the circuit court may grant if the evidence reveals probable cause justifying the addition of the individual as a named defendant. *Id.* However, the statute provides a time period in which the plaintiff must commence this conversion:

> "A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period. An extension from the original 6-month period for good cause may be granted only once for up to 90 days for (i) withdrawal of plaintiff's counsel or (ii) good cause. Notwithstanding the limitations in this Section, the court may grant additional reasonable extensions from this 6-month period for a failure or refusal on the part of the respondent to comply with timely filed discovery." *Id.*

¶ 7　　　　　　　　　　B. The Complaint and Service Attempts

¶ 8    On December 27, 2016, plaintiff filed a medical malpractice complaint against several defendants in connection with their alleged failure to timely diagnose and treat a brain tumor. In that complaint, plaintiff named Dr. Bitter as a respondent in discovery as well as several other medical providers. That same day, plaintiff filed an amended complaint that named Dr. Starnes and Dr. Bolton as respondents in discovery. Counts XII, XV and XVI of the amended complaint were directed at Dr. Bitter, Dr. Starnes and Dr. Bolton, respectively, and asserted that they were designated as respondents in discovery because plaintiff believed they had "information essential to the determination of who should properly be named as additional Defendants in this action."

¶ 9    After filing the amended complaint, plaintiff encountered difficulty serving Dr. Bitter, Dr. Starnes and Dr. Bolton. Initially, in January 2017, plaintiff attempted to serve all three doctors— Dr. Bitter at a work address, Dr. Starnes at a residential address and Dr. Bolton at a residential address—with the amended complaint and a summons, but she was unsuccessful.[1] From February 2017 until December 2017, plaintiff attempted to serve each doctor various times at various different locations using various sheriff's departments and special process servers. Concerning Dr. Bitter, beyond the original summons, plaintiff caused to be issued nine alias summonses for her. During one service attempt in August 2017, a special process server attempted to serve Dr. Bitter at her purported residence in Chicago, but the server made contact with the current occupant of the residence, who remarked that Dr. Bitter no longer resided there. Afterward, plaintiff learned that Dr. Bitter had moved to St. Louis, Missouri, and as such, plaintiff's subsequent efforts focused on the St. Louis area. But in one attempt to serve Dr. Bitter in St. Louis at her purported residence,

---

[1] In the first summonses, and indeed several thereafter, that plaintiff had issued for Dr. Bitter, Dr. Starnes and Dr. Bolton, the form indicated that the doctors were defendants, not respondents in discovery. See 735 ILCS 5/2-402 (West 2018) (directing plaintiffs to issue summons for discovery to respondents in discovery).

the St. Louis County Sherriff's Office returned the summons to plaintiff unserved because she did not pay the correct amount. Regarding Dr. Starnes, beyond the original summons, plaintiff caused to be issued seven alias summonses for him. Lastly, for Dr. Bolton, beyond the original summons, plaintiff caused to be issued seven alias summonses for him. During one service attempt in April 2017, a special process server attempted to serve Dr. Bolton at his purported residence in Chicago, but the server made contact with a "European male" who stated that he purchased the property from Dr. Bolton and that Dr. Bolton no longer lived there. Although plaintiff still had not served Dr. Bolton by January 2018, the record reveals that he treated her on January 12, 2018.

¶ 10    In March 2018, after plaintiff's attempts to serve Dr. Bitter, Dr. Starnes and Dr. Bolton were all unsuccessful, she filed a motion for leave to serve each of them by publication. In those motions, plaintiff asserted that, based upon information and belief, the doctors had left Illinois or concealed themselves within Illinois, and she could not find and serve them despite her diligent search and inquiry. Later that month, however, plaintiff withdrew those motions. Ultimately, on May 2, 2018, plaintiff served Dr. Bitter with a 10th alias summons. In early June 2018, plaintiff filed a motion for a special order of the court to serve Dr. Bolton and Dr. Starnes using certified mail. Later in June, plaintiff served Dr. Bolton by certified mail at the same address she attempted to serve him originally and the same address where the special process server allegedly made contact with a person who stated that he purchased the property from Dr. Bolton. Plaintiff also eventually served Dr. Starnes in October 2018.

¶ 11                                C. The Litigation

¶ 12    While plaintiff was attempting to serve Dr. Bitter, Dr. Starnes and Dr. Bolton, her litigation was proceeding against the named defendants and other respondents in discovery.

¶ 13   In May 2017, because plaintiff was having difficulty obtaining medical records from a hospital, she requested a 60-day extension of time to file a section 2-622 of the Code of Civil Procedure (Code) (735 ILCS 5/2-622 (West 2018)) certificate of merit from the date of entry of the court's order and an additional 90 days "thereafter to convert to file her motion to convert [*sic*] or terminate Respondents in Discovery." On May 16, 2017, following a hearing, the circuit court entered a written order that stated: "Plaintiff's motion to extend time to file 2-622 reports and to convert/terminate respondents in discovery granted."

¶ 14   By August 2017, plaintiff had filed her second amended complaint, which continued to name the unserved Dr. Bitter, Dr. Starnes and Dr. Bolton as respondents in discovery. Three months later, on December 5, 2017, upon plaintiff's oral motion, the circuit court granted plaintiff an extension of time to convert or terminate "served" respondents in discovery by February 28, 2018. Plaintiff subsequently moved to convert two doctors and an advanced practice nurse from respondents in discovery to defendants, and she moved to terminate the status of two doctors as respondents in discovery. In June 2018, plaintiff filed her third amended complaint, which continued to name Dr. Bitter, Dr. Starnes and Dr. Bolton as respondents in discovery.

¶ 15   As noted, by the late fall of 2018, plaintiff had finally served Dr. Bitter, Dr. Starnes and Dr. Bolton. After they each made appearances, they filed separate, but similar, motions to terminate their status as respondents in discovery. They all asserted that, according to the respondents-in-discovery statute, plaintiff had six months from the time she filed her complaint naming them as respondents in discovery to move to convert them to defendants. Because she failed to do so within that six-month period or any statutorily authorized extension of time, the doctors argued that their status as respondents in discovery should be terminated.

¶ 16    In response, plaintiff argued that, in order to promote the intent of the respondents-in-discovery statute, the circuit court should interpret the six-month conversion period as beginning once the plaintiff has served the respondent. Otherwise, according to plaintiff, respondents in discovery could evade service and run out the clock for compliance with the statute, as Dr. Bitter, Dr. Starnes and Dr. Bolton allegedly did, which would frustrate the intent of the statute and lead to absurd results. Under plaintiff's proposed interpretation of the statute, she contended the time to file her motions to convert had not expired.

¶ 17    Plaintiff alternatively argued that, in order to promote the statute's purpose and intent, the circuit court must have the ability to grant an extension of time to convert a respondent in discovery into a defendant until some time after the plaintiff has served the respondent in discovery. To this end, plaintiff asserted that, during a hearing on May 16, 2017, her attorney made an oral motion for an extension of time to convert or terminate respondents in discovery for six months until after she was able to successfully serve the respondents in discovery. According to plaintiff, when she made the oral motion, "[a]ll counsel were present," "[n]o counsel objected" and the circuit court granted her oral motion.[2] Plaintiff accordingly asserted that the time to file a motion to convert Dr. Bitter, Dr. Starnes and Dr. Bolton from respondents in discovery to defendants had not expired.

¶ 18    In reply, the doctors disagreed with plaintiff's characterization of the May 16, 2017, court hearing and denied that the circuit court granted such an extension. Moreover, Dr. Starnes and Dr. Bolton asserted that they could not have objected at that hearing because they had not been served, were not represented by counsel and had no standing to object. Regardless, all three doctors noted that, even if the court granted plaintiff's oral motion, the court could have at most extended the

---

[2] Judge William Gomolinski presided over the case in May 2017.

original six-month deadline by 90 days. Lastly, all three doctors denied that they evaded service. Dr. Bolton observed that he treated plaintiff at his office in January 2018, five months before she served him. Dr. Starnes noted there was a four-month gap from the end of November 2017 until the end of March 2018, where there was no evidence that plaintiff attempted to serve him. And Dr. Bitter posited that plaintiff's claim that she evaded service was unsubstantiated.

¶ 19    The circuit court held two hearings to resolve the doctors' motions to terminate, first on Dr. Bitter and Dr. Bolton's motions, and then a second on Dr. Starnes' motion.[3] During the court's first hearing, it asserted that, based on the case law and the plain language of the statute, it had little "leeway" even if the equities favored plaintiff's position. The court observed that, according to the case law, the six-month conversion period began once plaintiff filed her complaint naming the respondents in discovery, which occurred on December 27, 2016. Even with a good-cause extension for 90 days, the court asserted that plaintiff would have had until September 27, 2017, to move to convert the respondents in discovery to defendants.[4] Although the court acknowledged that reasonable extensions could be granted based on a respondent's failure to comply with timely filed discovery, it noted that was not at issue in this case. Rather, the court asserted that service was the issue in the instant case and there was no delineated exceptions in the statute related to service delays. During the hearing, the court made no findings on plaintiff's allegations that Dr. Bitter and Dr. Bolton had evaded service.

¶ 20    In the hearing related to Dr. Starnes' motion, the circuit court reiterated its reading of the respondents-in-discovery statute from the prior hearing and further posited that the time limits therein were necessary so cases do not "languish for years." The court also made no findings on

---

[3] Judge Brendan A. O'Brien presided over the case at the time of these hearings.
[4] Technically, 90 days after June 27, 2017, would have been September 25, 2017.

plaintiff's allegations that Dr. Starnes had evaded service. Ultimately, the court determined it had no choice but to terminate Dr. Bitter, Dr. Starnes and Dr. Bolton as respondents in discovery and granted their motions.

¶ 21    After the circuit court granted the motions to terminate, plaintiff filed her fourth amended complaint, which made no reference to the counts that had previously been directed against the doctors. Plaintiff subsequently filed motions to reconsider the termination of Dr. Bitter, Dr. Starnes and Dr. Bolton as respondents in discovery, in which she advanced the same arguments she had previously made to the court in various hearings and briefings. In March 2019, the court denied the motions and found pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason to delay appeal. Plaintiff timely appealed.

¶ 22                                    II. ANALYSIS

¶ 23    Plaintiff contends that the circuit court misinterpreted the respondents-in-discovery statute by believing it had no discretion to consider her diligence in attempting to serve Dr. Bitter, Dr. Starnes and Dr. Bolton. According to plaintiff, because she diligently attempted to serve the doctors, the time period to convert them from respondents in discovery to defendants should not have begun once she filed her complaint, but rather once she served them. Thus, plaintiff argues that the court erred by granting their motions to terminate their statutes as respondents in discovery.

¶ 24                                A. Pleading Over

¶ 25    As an initial matter, Dr. Bitter argues that plaintiff has waived her right to complain about the circuit court's order terminating Dr. Bitter's status as a respondent in discovery because plaintiff pleaded over the count directed at Dr. Bitter in the fourth amended complaint.[5]

---

[5] While Dr. Bolton and Dr. Starnes filed a combined appellees' brief, Dr. Bitter filed a separate appellee's brief.

¶ 26 As noted, after the circuit court granted the doctors' motions to terminate, but before plaintiff filed her motions to reconsider, she filed a fourth amended complaint that contained no counts directed at Dr. Bitter, that did not reference Dr. Bitter and that did not incorporate the count of the prior complaint identifying Dr. Bitter as a respondent in discovery. Dr. Bitter posits that, under *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150 (1983), plaintiff's act of pleading over the count directed at her has resulted in a waiver of plaintiff's contention of error on appeal.

¶ 27 In *Foxcroft*, our supreme court explained that "a party who files an amended pleading waives any objection to the trial court's ruling on the former complaints," and " '[w]here an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn.' " *Id.* at 153-54 (quoting *Bowman v. County of Lake*, 29 Ill. 2d 268, 272 (1963)). An example of the *Foxcroft* rule occurred in *Barnett v. Zion Park District*, 171 Ill. 2d 378, 383 (1996), where a plaintiff had filed a complaint alleging counts of negligence, and willful and wanton misconduct. After the plaintiff had filed a second amended complaint, the circuit court dismissed the negligence counts and ultimately, the plaintiff filed a third, fourth and fifth amended complaint that only referenced counts for willful and wanton misconduct. *Id.* The court eventually granted summary judgment in favor of the defendant, and the plaintiff appealed. *Id.* On appeal, the plaintiff argued that the circuit court erred in dismissing the negligence counts from the second amended complaint, but our supreme court remarked that "[a]llegations in a former complaint not incorporated in the final amended complaint are deemed waived." *Id.* at 384. By "proceed[ing] on her willful and wanton counts alone" and not "realleg[ing] or otherwise incorporat[ing] those

[negligence] counts in her third, fourth, or fifth amended complaint," the plaintiff had "waived appellate review of the dismissal of the negligence counts." *Id.*

¶ 28    However, *Foxcroft* and its progeny concern "the substance[] of the litigation." *Zurich Insurance Co. v. Baxter International, Inc.*, 275 Ill. App. 3d 30, 36 (1995), *aff'd as modified*, 173 Ill. 2d 235 (1996). Where the failure to reallege certain matters in an amended complaint "are procedural matters defining the scope, not the substance, of the litigation, *** these issues are not subject to waiver under *Foxcroft*." *Id.* We find that to be the case with naming Dr. Bitter as a respondent in discovery, as her inclusion in plaintiff's various complaints related to the scope of the litigation, not its substance, and thus, plaintiff's failure to direct a count against her, reference her or otherwise reference the prior count in the fourth amended complaint does not result in a waiver of plaintiff's contention of error on appeal.

¶ 29                                B. Respondents-in-Discovery Statute

¶ 30    This case causes us to interpret the respondents-in-discovery statute. 735 ILCS 5/2-402 (West 2018). When interpreting a statute, our primary objective is to determine and effectuate the intent of our legislature, "the surest and most reliable indicator of which is the statutory language itself, given its plain and ordinary meaning." *Board of Education of Springfield School District No. 186 v. Attorney General*, 2017 IL 120343, ¶ 24. If the statutory language is unambiguous, we must apply the statute as written without resorting to external aids of statutory construction. *Id.* If, however, the statutory language is ambiguous, we may utilize extrinsic aids of statutory construction to determine the intent of our legislature. *Id.* ¶ 25. The interpretation of a statute is a question of law, which we review *de novo*. *Pielet v. Pielet*, 2012 IL 112064, ¶ 30.

¶ 31    The critical portion of the respondents-in-discovery statute at issue in this case is the conversion period, which states:

"A person or entity named as a respondent in discovery in any civil action may be made a defendant in the same action at any time within 6 months after being named as a respondent in discovery, even though the time during which an action may otherwise be initiated against him or her may have expired during such 6 month period. An extension from the original 6-month period for good cause may be granted only once for up to 90 days for (i) withdrawal of plaintiff's counsel or (ii) good cause. Notwithstanding the limitations in this Section, the court may grant additional reasonable extensions from this 6-month period for a failure or refusal on the part of the respondent to comply with timely filed discovery." 735 ILCS 5/2-402 (West 2018).

Although it would seem axiomatic that being named as a respondent in discovery occurs once the plaintiff files the complaint that names a particular person as a respondent in discovery, we will examine the statutory language more closely. According to the respondents-in-discovery statute, as previously noted, there are several clearly delineated acts that the plaintiff must perform to take advantage of the statute. For one, and the first action required of a plaintiff, she must "designate as respondents in discovery in *** her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action." 735 ILCS 5/2-402 (West 2018). Second, "[a] copy of the complaint shall be served on each person or entity named as a respondent in discovery" by plaintiff. *Id.* In other words, the plaintiff first must designate a respondent in discovery in her pleading, and second, she must serve the respondent in discovery.

¶ 32    Turning now to the critical language for this appeal—the conversion period—which requires the plaintiff to convert a respondent in discovery into a defendant "at any time within 6

months *after being named as a respondent in discovery*." (Emphasis added.) *Id.* Given our legislature's mandate of the plaintiff designating a respondent in discovery in her pleading and then serving the respondent, our legislature clearly chose the filing of the complaint that designated a person as a respondent in discovery to be the starting point for the conversion period. Sure, our legislature could have clarified this even more by using "designate" throughout the statute rather than "designate" when referring to the filing of a pleading and "named" when referring to the conversion period, but the words are synonymous. See Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/designate#synonyms (last visited Oct. 27, 2020).

¶ 33    Had our legislature wanted the six-month conversion period to begin after service was effectuated, they would not have conditioned the six-month period to begin after the plaintiff named or designated the respondent in discovery and would have conditioned the period to begin after the respondent in discovery had been served. See *Chicago Teachers Union, Local No. 1 v. Board of Education of City of Chicago*, 2012 IL 112566, ¶ 24 ("When the legislature includes particular language in one section of a statute but omits it in another section of the same statute, courts presume that the legislature acted intentionally and purposely in the inclusion or exclusion."). As such, once the plaintiff files the complaint naming a respondent in discovery, he or she has six months to convert that respondent into a defendant, which comports with this court's previous readings of the statute. See *Knapp v. Bulun*, 392 Ill. App. 3d 1018, 1024 (2009) ("The six-month period in which a respondent in discovery may be converted to a defendant begins to run on the day the complaint is filed."); *Robinson v. Johnson*, 346 Ill. App. 3d 895, 902 (2003) (same); *Allen v. Thorek Hospital*, 275 Ill. App. 3d 695, 700-701 (1995) (same).

¶ 34    Although plaintiff urges us to find that the six-month conversion period begins once service is effectuated on the respondent in discovery despite this case law, such an interpretation would

- 13 -

directly contravene the plain language of the statute. When a statute is clear, we have no power to depart from its plain language and "read into it exceptions, limitations or conditions which the legislature did not express." *Skokie Castings, Inc. v. Illinois Insurance Guaranty Fund*, 2013 IL 113873, ¶ 38. Only the legislature has the power to amend a statute (*Henrich v. Libertyville High School*, 186 Ill. 2d 381, 394 (1998), and only it could provide for the six-month conversion period to commence upon service. See *Carver v. Bond/Fayette/Effingham Regional Board of School Trustees*, 146 Ill. 2d 347, 354 (1992) (observing that courts of review must not "read into the statute a substantive change the legislature did not see fit to make" under the "guise" of statutory construction). Simply put, service is irrelevant to the commencement of the six-month conversion period. See *Knapp*, 392 Ill. App. 3d at 1029-31 (affirming the circuit court's grant of motions to terminate where the plaintiff failed to file a motion to convert within six months of filing the complaint that named the respondents in discovery notwithstanding the fact that the plaintiff failed to serve them).

¶ 35    Still plaintiff highlights that the circuit court could not have obtained jurisdiction over the respondents in discovery until after she served them and thus, she could not take advantage of the provisions of the respondents-in-discovery statute, such as reasonable extensions for failing to comply with timely filed discovery let alone even file a motion to convert, until such time. To this end, plaintiff asks us to consider the statute as a whole and its intended purpose. As discussed, the statute's purpose "is obviously to permit an aggrieved party in a malpractice case to name parties not as defendants but as respondents to enable a plaintiff through liberal discovery rules to determine whether the respondent should be made a defendant." *Hugley*, 144 Ill. App. 3d at 734. Not having to name a person as a defendant initially helps "avoid the stigma, costs, and burdens thrust upon individuals being named defendants to litigation unnecessarily." *Bogseth*, 166 Ill. 2d

at 517. Section 2-402 of the Code is a "special statutory action" which " 'create[s] rights unknown to the common law on the condition that suit be brought in the time therein specified.' " *Robinson*, 346 Ill. App. 3d at 902 (quoting *Hugley*, 144 Ill. App. 3d at 734). Because of this, the six-month conversion period is "an inherent element of the right" and "she must scrupulously observe all the requirements mandated in the statute." *Id.* at 902-03. Given the respondents-in-discovery statute's purpose as a special discovery right unknown at common law, the six-month conversion period must be strictly be followed. As such, reading the statute as a whole and considering its purpose does not help plaintiff's cause.

¶ 36    We understand plaintiff's plight, but it was her responsibility to serve Dr. Bitter, Dr. Starnes and Dr. Bolton, and nothing in the record affirmatively substantiates plaintiff's allegations that they were all evading service. After all, plaintiff was apparently unaware that Dr. Bitter had moved from Chicago to St. Louis, and Dr. Bolton even treated plaintiff in January 2018 at a time when she allegedly was unable to locate and serve him. Plaintiff could have filed a motion to serve each of the doctors by certified mail before the deadlines imposed by the respondents-in-discovery statute, which she ultimately did with Dr. Bolton and Starnes 18 months after naming them respondents in discovery. See 735 ILCS 5/2-203.1 (West 2018). But regardless, despite her difficulties, the plain language of the statute provided the time period in which the conversion must occur, and allowed the circuit court no discretion to consider her diligence in attempting to serve Dr. Bitter, Dr. Bolton and Dr. Starnes where she failed to comply with the conversion period. See *Robinson*, 346 Ill. App. 3d at 903, 907 (remarking that plaintiffs "must comply with the time limit set forth by the [respondents-in-discovery statute" and the circuit court "did not have discretion *** to extend the six-month statutory period").

¶ 37    Furthermore, plaintiff asserts that allowing the six-month conversion period to begin when she filed her complaint would lead to an absurd and unjust result. While generally, courts have an obligation to interpret "statutes in a way that will avoid absurd, unreasonable, or unjust results," (*Illinois State Treasurer v. Illinois Workers' Compensation Commission*, 2015 IL 117418, ¶ 39), "[t]he possibility of an unjust or absurd result is generally not enough to avoid the application of a clearly worded statute." *Petersen v. Wallach*, 198 Ill. 2d 439, 447 (2002). That is the case here. Moreover, "[t]he Illinois Supreme Court and the Appellate Court have consistently refused to extend section 2-402's six-month time limit, despite the procedural and equitable arguments made by many plaintiffs in the past." *Robinson*, 346 Ill. App. 3d at 903 (citing cases). Plaintiff's procedural and equitable arguments here are no different than the arguments made and rejected in previous cases.

¶ 38    Plaintiff also attempts to liken her case to *Bogseth v. Emanuel*, 261 Ill. App. 3d 685 (1994), *aff'd*, 166 Ill. 2d 507 (1995), and urges us to utilize other tools of statutory construction like the appellate court in *Bogseth* to find that the six-month conversion period begins once service is effectuated. However, *Bogseth* involved a narrow issue of the respondents-in-discovery statute of whether the plaintiff can name a fictional "John Doe" as a defendant and then utilize the respondents-in-discovery statute. *Id.* at 686. This court found that the phrase "named defendant" in the statute was ambiguous and utilized other tools of statutory construction to ultimately hold that a plaintiff could in some instances sue a fictitious "John Doe" and then name respondents in discovery. *Id.* at 689, 693. This holding was, however, reversed in *Bogseth*, 166 Ill. 2d 507, but the holding applied prospectively only. Unlike in *Bogseth*, the part of the respondents-in-discovery statute at issue here is not ambiguous, and we need not utilize other tools of statutory construction.

¶ 39    As the plain language provides, the plaintiff's filing of the complaint naming the respondent in discovery is what triggers the commencement of the six-month conversion period. To comply, the plaintiff must merely file the motion to convert before six months passes, as any delay in hearing and ruling on the motion would not be chargeable to the plaintiff. *Clark v. Brokaw Hospital*, 126 Ill. App. 3d 779, 783 (1984). However, the respondents-in-discovery statute does allow for extensions to this six-month conversion period:

> "An extension from the original 6-month period for good cause may be granted only once for up to 90 days for (i) withdrawal of plaintiff's counsel or (ii) good cause. Notwithstanding the limitations in this Section, the court may grant additional reasonable extensions from this 6-month period for a failure or refusal on the part of the respondent to comply with timely filed discovery." 735 ILCS 5/2-402 (West 2018).

Based on the statutory language, there are two avenues for extensions. First, there is a "good cause" extension, which allows the circuit court to provide one extension for up to 90 days if the plaintiff's counsel has withdrawn or for other "good cause." *Id.* Although good cause is not defined in the statute, what constitutes good cause is not at issue in this appeal. *Id.* The second avenue for an extension allows for "reasonable extensions" when a respondent in discovery fails or refuses to comply with timely filed discovery. *Id.*

¶ 40    Under the first avenue to an extension, it would certainly seem like a failure to serve a respondent in discovery could constitute good cause for an extension of up to 90 days to file a motion to convert. But nothing about a plaintiff's failure to serve a respondent in discovery would avail herself to reasonable extensions under the second avenue to an extension, which is expressly limited to instances of respondents in discovery failing to comply with timely filed discovery.

¶ 41    With the plain meaning of the critical portion of the respondents-in-discovery statute in mind, we now turn to the operative dates in this case. Plaintiff filed her initial complaint that named Dr. Bitter as a respondent in discovery and her amended complaint that named Dr. Starnes and Dr. Bolton as respondents in discovery on December 27, 2016, which meant she had until June 27, 2016, to file a motion to convert them into defendants. Alternatively, plaintiff could have requested an extension of time for up to 90 days to convert them into defendants. To this end, in May 2017, plaintiff requested an extension of time to file a medical professional certificate of merit by 60 days from the entry of the order and an additional 90 days "thereafter to convert or terminate Respondents in Discovery," which the circuit court granted on May 16, 2017.

¶ 42    However, based on the plain language of the respondents-in-discovery statute (735 ILCS 5/2-402 (West 2018)), at most, the court could have granted her one extension for up to 90 days to file the motion to convert Dr. Bitter, Dr. Starnes and Dr. Bolton into defendants. Thus, the latest plaintiff had to file her motion to convert was September 25, 2017, which the record indisputably shows she failed to do. Even assuming *arguendo* that the circuit court had the power to extend the time for plaintiff to file a motion to convert by 150 days from the date it entered the order, plaintiff would have been required to file her motion to convert by October 13, 2017, which the record also indisputably shows she failed to do. Because plaintiff failed to file her motions to convert Dr. Bitter, Dr. Bolton and Dr. Starnes from respondents in discovery into defendants by the time period prescribed by the respondents-in-discovery statute, the circuit court correctly granted their motions to terminate their status as respondents in discovery.

¶ 43    Nevertheless, plaintiff maintains that the circuit court granted her oral motion for an extension of time to file her motions to convert for six months until after she served any respondents in discovery. The first problem with this assertion is that the record does not

affirmatively support it. Although plaintiff claims she made this oral motion during the May 16, 2017, hearing and the court granted it, no record of such a grant appears in the court's written ruling on that date. As noted, that hearing was scheduled for plaintiff to present her motion for an extension of time to file her medical professional certificate of merit and "to convert or terminate Respondents in Discovery." In the court's written ruling after the hearing, it stated: "Plaintiff's motion to extend time to file 2-622 reports and to convert/terminate respondents in discovery granted." Nothing in this order indicates that the court granted plaintiff's purported oral motion. As the appellant, it was plaintiff's burden to present a sufficiently complete record to support a claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). As the record on appeal does not contain a transcript of the May 16, 2017, hearing or a bystander's report of the hearing, we cannot presume the court granted her such relief based upon the incompleteness of the record. *Id.* at 392.

¶ 44    It is true that, in a December 2018 hearing, Dr. Starnes' attorney, who also represented another doctor in the litigation who was named as a respondent in discovery, served and later converted into a defendant, stated: "So the plaintiff argues in her motion, and she is correct, that she did file or she did an oral argument for – an oral motion for an extension of time in May 2017 to extend the time to convert the respondents in discovery, which was granted." Dr. Starnes' attorney further noted that the order did not contain a deadline. However, this corroboration is limited given that there is no affirmative indication from Dr. Starnes' attorney that the court granted plaintiff an extension of up to six months to convert any respondents in discovery after they had been served. But the second, and most critical, problem with plaintiff's argument about the May 2017 extension is that such an extension is simply not authorized by the respondents-in-discovery statute. See *Robinson*, 346 Ill. App. 3d at 903, 907 (remarking that plaintiffs "must comply with the time limit set forth by the [respondents-in-discovery] statute" and the circuit court

"did not have discretion *** to extend" the statutory period). Consequently, the circuit court correctly granted Dr. Bitter, Dr. Bolton and Dr. Starnes' motions to terminate.

¶ 45                                III. CONCLUSION

¶ 46     For the foregoing reasons, we affirm the orders of the circuit court of Cook County.

¶ 47     Affirmed.